DETROIT AUTOMOBILE CLUB *v.* SECRETARY OF STATE.

1. STATUTES—IMMEDIATE EFFECT—STATE HIGHWAY DEPARTMENT A STATE INSTITUTION—CONSTITUTIONAL LAW — REFERENDUM — APPROPRIATIONS FOR STATE INSTITUTIONS—GAS TAX ACT.

Because the State highway department is a State institution within the meaning of the Constitution (Art. 5, § 1, amendment of 1913), Act No. 2, Pub. Acts 1925, providing for a tax on gasoline and appropriating part of the proceeds therefrom to the use of the State highway department, is not subject to the referendum, and because said act makes an appropriation for a State institution the legislature had authority, under the Constitution (Art. 5, § 21), to give it immediate effect.[1]

2. SAME—ACT PASSED TO MEET DEFICIENCIES—REFERENDUM.

Said act, in providing funds to meet deficiencies in appropriations for the payment of net amounts owing several counties on State award highways, is an act passed to meet deficiencies in State funds within the meaning of the Constitution (Art, 5, § 1, amendment of 1913), and therefore is not subject to referendum.[2]  SHARPE, J., reserving decision.

Mandamus by the Detroit Automobile Club and others to compel Charles J. De Land, Secretary of State, to refrain from administering and enforcing the gasoline tax (Act No. 2, Pub. Acts 1925).   Submitted February 10, 1925.   (Calendar No. 31,873.) Writ denied February 10, 1925.   (Opinion filed April 24, 1925.)

*Campbell, Bulkley & Ledyard* (*Henry M. Campbell* and *Henry Ledyard,* of counsel), for plaintiffs.

*Andrew B. Dougherty,* Attorney General, *Clare Retan,* Deputy Attorney General, and *Donald W. Sessions,* Assistant Attorney General, for defendant.

[1]Statutes, 36 Cyc. p. 942 (1926 Anno); States, 36 Cyc. p. 869;
[2]Id., 36 Cyc. p. 942 (1926 Anno).

McDonald, C. J.   The plaintiffs seek a writ of mandamus to compel the defendant to refrain from immediately administering and enforcing the gasoline tax act, so called, being Act No. 2 of the Public Acts of 1925.   The act provides for a specific tax of two cents per gallon on gasoline sold or used within the State of Michigan, and appropriates the proceeds for the construction and maintenance of the public highways, as follows:

"Section 11.   All sums of money received and collected by the secretary of State under the provisions of this act shall be deposited in the State treasury to the credit of the State highway fund, and are hereby appropriated from the State highway fund for the calendar year ending December thirty-one, nineteen hundred twenty-five, and for each calendar year thereafter, for the specific purposes and in the amounts set forth in the following schedule:

"(a) To meet deficiencies in appropriations for the payment of net amounts owing the several counties on State award highways, not less than one million five hundred thousand dollars for the year nineteen hundred twenty-five, and two million dollars each year thereafter until such awards have been paid;

"(b) For the payment of interest on the State highway bonds and on the principal thereof, not less than three million dollars;

"(c) The balance, if any, shall be used for the general construction, improvement and betterment of the public highways within the State."

The question in issue relates to the power of the legislature to give immediate effect to this act.   The constitutional provisions applicable are as follows:

*   *   *   "No act shall take effect or be in force until the expiration of ninety days from the end of the session at which the same is passed, except that the legislature may give immediate effect to acts making appropriations and acts immediately necessary for the preservation of the public peace, health or safety."   *   *   *   Art. 5, § 21.

"The legislative power of the State of Michigan is vested in a senate and house of representatives; but the people reserve to themselves the power to propose legislative measures, resolutions, and laws; to enact or reject the same at the polls independently of the legislature; and to approve or reject at the polls any act passed by the legislature, except acts making appropriations for State institutions and to meet deficiencies in State funds." \* \* \* Art. 5, § 1, amendment of 1913.

Under these provisions of the Constitution, legislative acts may be given immediate effect if passed for the purpose of making appropriations for State institutions or to meet deficiencies in State funds, or such as are immediately necessary for the preservation of the public peace, health or safety. The plaintiffs say that the act in question is not such an act, and that therefore it is subject to a referendum and may not be given immediate effect.

Considering these constitutional exceptions in the order stated, the first question to be determined is whether this is an act making appropriations for a State institution. It appropriates money for the use of the highway department in constructing and maintaining the highways of the State. Is the highway department a State institution within the meaning of the Constitution? The question is not solely whether the highway department may be correctly termed a State institution, but rather whether, in view of the functions which it exercises, it comes within the meaning of that term as used in the Constitution. It is not difficult to determine what the framers of the Constitution had in mind. It is clear that by permitting immediate effect to be given to appropriation acts for State institutions, it was their purpose to enable the State to exercise its various functions free from financial embarrassment. The highway department

230—Mich.—40.

exercises State functions. It was created by the legislature for that purpose. It must have money to carry on its activities. Without the money appropriated by this act for its immediate use, it would cease to function. The constitutional purpose was to prevent such a contingency. And so we hold it a fair conclusion that the framers of the Constitution used the term State institutions in a broad sense intending to include all organized departments of the State to which the legislature had delegated or should delegate the exercise of State functions.

But it is not necessary to extend the language of the Constitution in order to include the highway department within its terms. The State highway department is a subsidiary institution of the State. In *State, ex rel. Blakeslee,* v. *Clausen,* 85 Wash. 260, 274 (148 Pac. 28, Ann. Cas. 1916B, 810), it was said:

"Upon any theory a public highway is a public institution. A road is not only a physical institution, built by the State in the exercise of a sovereign duty to promote the convenience and necessities of the citizens as well as the common welfare, but the department to which the legislature had delegated the function is an institution as much as its creator, the legislature."

We are of the opinion that the State highway department is a State institution within the meaning of the Constitution, and that, therefore, this act, which makes an appropriation for its use, is not subject to the referendum.

We are also of the opinion that the act may be said to have been passed to meet deficiencies in State funds. This purpose is stated in the act itself, as follows:

"(a) To meet deficiencies in appropriations for the payment of net amounts owing the several counties on State award highways, not less than one million five hundred thousand dollars for the year nineteen

hundred twenty-five, and two million dollars each year thereafter until such awards have been paid."

It appears that there is a deficiency in the State funds amounting to several millions of dollars, due to the fact that large amounts are owing to the several counties on State award highways, and that a part of the revenues derived from the act in question is immediately necessary to meet this deficiency. It is argued by counsel for the plaintiff that the act provides only in part for a deficiency, and that if such an act should be held to be one passed to meet a deficiency in State funds, the constitutional provision could be evaded in every revenue measure by including a small proportion to cover some immediate deficiency. There might be merit in counsel's contention if it were apparent that but a small proportion of the revenue was appropriated with that intention, but in the instant case the act provides for a very substantial appropriation to meet a very substantial deficiency, and in view of this fact we think it cannot be said that it was so framed to bring it within the constitutional exception.

It is therefore our judgment that the act in question is not subject to a referendum and that the action of the legislature in giving it immediate effect is authorized by the Constitution. It is not necessary to discuss any of the other questions presented by the record.

The writ is denied, with costs to the defendant.

BIRD, STEERE, FELLOWS, and WIEST, JJ., concurred with McDONALD, C. J. CLARK and MOORE, JJ., concurred in the result.

SHARPE, J. (*concurring in part*). I concur in holding that the State highway department as it exists and functions under legislative authority is a State agency and may fairly be said to be a State institution within

the meaning of that term as used in the constitutional provision.    For this reason the writ should be denied.

I have grave doubt whether the act provides for an appropriation "to meet deficiencies in State funds" within the meaning of the constitutional provision (Art. 5, § 1), and reserve decision thereon.