MORETON *v.* SECRETARY OF STATE.

DETROIT AUTOMOBILE CLUB *v.* SAME.

READING *v.* SAME.

1. HIGHWAYS AND STREETS — CONSTITUTIONAL LAW — MONEY AP-PROPRIATED FOR BUILDING HIGHWAYS IS FOR STATE PURPOSE.

The building and maintenance of public highways is not a matter of purely local concern, but is a matter of State-wide interest, and therefore money appropriated by the legislature for said purpose is not an appropriation for local purposes within the meaning of Art. 5, § 24, of the Constitution.

2. STATUTES — CONSTITUTIONAL LAW—ACT APPROPRIATING MONEY FOR STATE HIGHWAYS DOES NOT REQUIRE TWO-THIRDS VOTE—GASOLINE TAX ACT.

Act No. 150, Pub. Acts 1927, § 19, subds. *c*, *c*1, providing for a tax on gasoline for the purpose of raising funds to be paid to the several counties of the State for the construction and maintenance of public highways under the supervision of the State administrative board, does not make appropriations for local purposes, and therefore a two-thirds vote of the members of each house was not necessary to its passage under Art. 5, § 24, of the Constitution.

3. SAME—CONSTITUTIONAL LAW—TAXATION—OBJECT OF ACT DIS-TINCTLY STATED.

Since Act No. 150, Pub. Acts 1927, plainly purports to impose a tax on gasoline for the purpose of financing highway construction and maintenance, which object can be determined without reference to any other law, the constitutional requirement (Art. 10, § 6), that every law imposing a tax shall distinctly state the tax and the objects to which it is to be applied has been met; it not being necessary to state the detailed manner in which the money is to be expended.

---

[1]Statutes, 36 Cyc. p. 955 (Anno); [2]Id., 36 Cyc. p. 955 (Anno); [3]Taxation, 37 Cyc. p. 728.

4. COUNTIES — COUNTIES WHILE BUILDING ROADS WITH STATE MONEY ARE EXERCISING STATE FUNCTIONS — MONEY SO APPROPRIATED IS FOR STATE INSTITUTIONS.

Although counties are political subdivisions of the State, it cannot be said that they are State institutions as ordinarily understood, but when they are engaged in building roads for State purposes, under the direction and supervision of the State administrative board, with money supplied by the State at large, they are exercising State functions, and the money appropriated by the legislature for that purpose is for State institutions within the meaning of the Constitution (Art. 5, § 1).

5. STATUTES—ACT APPROPRIATING MONEY FOR HIGHWAYS TO BE SPENT BY COUNTIES NOT SUBJECT TO REFERENDUM—STATE INSTITUTIONS—CONSTITUTIONAL LAW.

Section 19, subds. c, c1, Act No. 150, Pub. Acts 1927, appropriating money to be paid to the several counties of the State for the construction and maintenance of public highways under the supervision of the State administrative board, is not subject to referendum, since the money so appropriated is for State institutions, and therefore comes within the exception in article 5, § 1, of the Constitution.

Appeal from Wayne; Miller (Guy A.), J. Submitted October 26, 1927. (Docket No. 139.) Decided December 1, 1927.

Bill by E. Foster Moreton and others against John S. Haggerty, secretary of State, to enjoin the collection of a gasoline tax under the provisions of Act No. 150, Pub. Acts 1927. From a decree for plaintiffs, defendant appeals. Reversed.

Separate petitions for mandamus by the Detroit Automobile Club and others and Richard W. Reading and others to compel John S. Haggerty, secretary of State, to submit Act No. 150, Pub. Acts 1927, to a referendum

---

[4]Counties, 15 C. J. § 1; Statutes, 36 Cyc. p. 942 (Anno); [5]Id., 36 Cyc. p. 942 (Anno).

vote. Submitted October 26, 1927. (Calendar Nos. 33,351, 33,352.) Writs denied December 1, 1927.

*H. E. Spalding, Joseph H. Clark, Emmons, Klein, Ferris & Cook, B. D. Chandler,* and *Retan, Benjamin & Quay (Clare Retan,* of counsel), for plaintiffs.

*William W. Potter,* Attorney General, and *Harry A. Metcalf* and *M. M. Larmonth,* Assistants Attorney General, for defendant.

MCDONALD, J. These three causes have been consolidated and will be disposed of in one opinion. The first is an injunction suit brought in the Wayne circuit court to restrain the secretary of State from collecting the gasoline privilege tax authorized by Act No. 150, Pub. Acts 1927. The second is a mandamus proceeding to compel the secretary of State to accept and file a referendum petition for the approval or rejection by the people of the sections 2, 8, and 22 of said act; and the third cause is like unto the second except that its purpose is a referendum on the entire act. The theory of the bill of complaint in the injunction suit is that the act is unconstitutional for reasons that we shall presently mention. The applicable portions of the act read as follows:

"SECTION 19. All sums of money received and collected by the secretary of State under the provisions of this act, except the license fees provided herein, shall be deposited in the State treasury to the credit of the State highway fund, and after the payment of the necessary expenses incurred in the enforcement of this act, are hereby appropriated from the State highway fund for the calendar year ending December thirty-one, nineteen hundred twenty-seven, and for each calendar year thereafter, for the specific purposes and in the amounts set forth in the following schedule:

"(a) To meet deficiencies in appropriations for the payment of net amounts owing the several counties and townships on State award highways as follows:

The total amounts due and to become due the several townships to be paid on the first day of April, nineteen hundred twenty-eight, and on the first day of April each year thereafter; two million dollars to be paid to the several counties, payable one million dollars on February one, nineteen hundred twenty-eight, and on the same dates in each year thereafter until such awards have been paid;

"(*b*) For the payment of interest on State highway bonds and on the principal thereof, not less than three million dollars;

"(*c*) A sum equal to the difference between six million dollars and fifty per cent. of the total weight tax collected under the provisions of act number three hundred two of the public acts of. nineteen hundred fifteen, as amended, shall belong to the several counties of the State; seven-eighths of a sum equal to one-half of the total weight tax shall be paid to the several county treasurers in proportion to the amount of said weight tax received from the owners of registered vehicles within the several counties under the provisions of said act number three hundred two of the public acts of nineteen hundred fifteen, as amended; the remaining one-eighth of said sum shall be paid to the several county treasurers thereof as follows: One-eighty-third to the county treasurer of each county;

"(*c*-1) A sum equal to two thousand dollars per mile of State trunk line highways, contained within the limits of a city or village, the maintenance of which is an obligation of such city or village, shall be paid to each such city or village annually, on or before August first of each year:

"*Provided*, That said highways shall be maintained in a manner satisfactory to the State highway commissioner;

"(*d*) The balance, if any, shall be used for the general construction, improvement, betterment and maintenance of the public highways within the State.

"All appropriations made herein shall be expended under the supervision of the State administrative board, in accordance with the highway laws."

It is first claimed by the plaintiffs that the act is unconstitutional because subdivisions *c* and *c*-1 of section

make appropriations for local purposes and therefore are in conflict with section 24, article 5, of the State Constitution, which reads as follows:

"The assent of two-thirds of the members elected to each house of the legislature shall be requisite to every bill appropriating the public money or property for local or private purposes."

It is conceded that the act did not receive a two-thirds vote of the members of each house. It follows that if the appropriations complained of are for local purposes it is in contravention of the constitutional provision above quoted and therefore is invalid. The act is a highway finance measure. It provides that the tax collected shall be deposited to the credit of the State highway fund and appropriated from that fund for certain purposes, one of which is the payment of specified amounts to the several counties of the State which are to be expended for the construction and maintenance of highways "under the supervision of the State administrative board, in accordance with the highway laws." Is this an appropriation for local purposes within the meaning of the Constitution?

In determining this question, it will be helpful to keep in mind the interest which the State at large has in all public roads and the policy which it has adopted in respect to their construction and maintenance. If ever the building and maintenance of highways was a matter of purely local concern, that time passed with the coming of the automobile into general use as a means of transportation. Good roads became economically necessary. To secure them, the old local public road policy was abandoned; and by appropriate legislation there was adopted a complete and comprehensive State-wide system, the basic theory of which is that the building of a highway in any section of the State is of interest to every other section; that it is a matter of State-wide concern rather than of any

particular locality.    On at least two previous occasions this court has said:

"The matter of the improvement or repair of a road is not one of merely local concern.    All of the highway legislation now on the statute books is based on the theory that the entire State is interested." *Attorney General* v. *Bruce,* 213 Mich. 532, 550.

"While yet recognizing local interest in and a reasonable control over highways, the present Constitution makes plain that their improvement for public travel is not to be regarded as solely and exclusively a matter of local concern, but of general public interest and State-wide importance." *Loomis* v. *Rogers,* 197 Mich. 265, 276.

And this interest of the State at large in the building of highways is not now merely an incidental and remote public interest.    Under present conditions, it is such a direct and substantial interest as to divest a State appropriation for a county highway of its local character.    To say that a highway appropriation is for local purposes means that it is for the benefit of the locality where it is expended.    The purpose of these appropriations is not for the benefit of certain localities but for the State at large. But probably the most convincing reason why the appropriations in question are not for local purposes is that the act does not in form or in fact apply to any one particular locality.    It is made to operate in the same way on every section of the State.    It is not directed to one county, but to every county.    It is a general statute enacted for a State-wide purpose.    The extent of the territory to which it is applied, whether to a limited area or to the entire territory of the State, would seem to furnish a reasonably accurate test as to whether it is for general or local purposes.    We do not deem it necessary to further discuss the question.    It is our conclusion that the act does not make

appropriations for local purposes and therefore does not come within the constitutional prohibition.

A further objection to the validity of the act alleges that it conflicts with section 6, of article 10, of the Constitution, which provides:

"Every law which imposes, continues, or revives a tax shall distinctly state the tax, and the objects to which it is to be applied; and it shall not be sufficient to refer to any other law to fix such tax or object."

As we understand the contention of the plaintiffs, it is that the object of the tax is not definitely stated in the act, but is fixed only by reference to another law. Read in its entirety, the act plainly purports to impose a tax for financing highway construction and maintenance. It directs that, when collected, the tax shall be deposited to the credit of the State highway fund and from that fund appropriated to various highway agencies including the several counties of the State. There can be no mistake about the object of the tax. It is written all over the law. It is plain enough that it is for highway purposes. The object being apparent, it is not necessary, in order to meet the constitutional requirement, that the act should go farther and state the detailed manner in which the money is to be expended. A sufficient answer to the plaintiffs' contention is that the object can be determined without reference to any other law. Against the constitutionality of this law no other questions merit discussion. It is our conclusion that it meets every requirement of the Constitution and is therefore valid.

Is it subject to referendum? The applicable constitutional provision is as follows:

"The legislative power of the State of Michigan is vested in a senate and house of representatives; but the people reserve to themselves the power to propose legislative measures, resolutions, and laws; to enact or reject the same at the polls independently of the

legislature; and to approve or reject at the polls any act passed by the legislature, except acts making appropriations for State institutions and to meet deficiencies in State funds." * * * Article 5, § 1.

The question is whether the appropriations provided in the act are for State institutions or to meet deficiencies in State funds. It is clear that except as to subdivisions *c* and *c-1*, of section 19, the act makes appropriations for State institutions in the constitutional sense as held by this court in *Detroit Automobile Club* v. *Secretary of State*, 230 Mich. 623. The only meritorious controversy revolves around subdivisions *c* and *c-1*. We will therefore confine our discussion on this feature of the case to those sections of the law which make appropriations to the several counties, cities, and villages of the State for highway purposes. While these local organizations are political subdivisions of the State and exercise public functions, it cannot be said that they are State institutions. But the legislature is a State institution and is the supreme authority in the building and maintenance of public roads. When it delegates the authority to build and maintain roads to any organized department of State government, it clothes that department with the power to exercise State functions, and the department becomes as much a State institution within the meaning of the Constitution as the legislature itself. In *Detroit Automobile Club* v. *Secretary of State, supra,* we said that:

"The framers of the Constitution used the term State institutions in a broad sense intending to include all organized departments of the State to which the legislature had delegated or should delegate the exercise of State functions."

It is a part of the legislative highway policy, as shown by this and previous legislation, to enlist the aid of the counties in carrying on the elaborate program of road building to which it is committed. While so

engaged in building roads for State purposes, under the direction and supervision of the State administrative board, with money supplied by the State at large, are the counties not exercising State functions? If they are, the money appropriated for that purpose is for State institutions within the meaning of the Constitution. It ought to be kept in mind that this is not a case where the counties are to build county roads as is ordinarily done with local appropriations. Here the State at large furnishes the money and selects the counties as the agencies through which it is to be expended for State purposes. So, to bring these appropriations within the constitutional exemption from referendum, it is not necessary to hold that the counties are State institutions. They are not, but, in respect to these appropriations, they are co-operating with the State in exercising State functions. They are not acting independently, but as agencies of the State in expending the State money for State purposes. The building and maintenance of good public roads have become important State functions in Michigan. These appropriations were made to enable it to function in that regard, and, being made for that purpose, they are not subject to referendum. To hold otherwise would be to give the words "State institutions" such a restricted meaning as to defeat the constitutional purpose, which is to save the State from financial embarrassment in exercising any of its State functions. And, in our view, it makes no difference whether it exercises them directly or through other organized agencies selected for that purpose. Nor does it matter whether the appropriation goes into the county treasury or is retained in the State highway fund by the State treasurer, so long as it is used for highway purposes under the direction and supervision of the State administrative board.

For these reasons, we hold that the act is not subject to referendum. Therefore the writ of mandamus is

denied in each of the two cases where that remedy is sought.

In the injunction suit, we have held that the law does not offend any of the constitutional provisions. Therefore the decree of the circuit judge is reversed.

SHARPE, C. J., and BIRD, NORTH, FLANNIGAN, FELLOWS, WIEST, and CLARK, JJ., concurred.