DOYLE *v.* ELECTION COMMISSION OF CITY OF DETROIT.

BROWN *v.* SAME.

1. CONSTITUTIONAL LAW—POWERS OF LEGISLATURE.
    Policy of law is determined within constitutional limits by legislature, which is presumed to have acted within scope of its constitutional powers.

2. SAME.
    State legislature possesses all power possessed by parliament of England, save as modified, limited, and restrained by Federal and State Constitutions.

3. STATUTES—AMENDMENT—CONSTRUCTION.
    Amendatory act is to be construed in relation to condition created by amended act, and its objects and purposes as defined therein.

4. SAME—LOCAL ACT—GENERAL ACT—JUDGES—COURTS OF COMMON PLEAS.
    Supreme Court having held that Act No. 260, Pub. Acts 1929, providing for creation of courts of common pleas in cities of requisite population, is general rather than local act, Act No. 332, Pub. Acts 1931, amending it, is also, for same reasons, general law (Const., art. 5, § 30).

5. SAME—CONSTITUTIONAL LAW—DETROIT CHARTER.
    Act No. 332, Pub. Acts 1931, amending Act No. 260, Pub. Acts 1929, providing for creation of courts of common pleas in cities of requisite population, being general law, home-rule charter of city of Detroit is subject thereto and not infringed thereby (Const., art. 8, § 21).

6. SAME—SALARIES OF PUBLIC OFFICERS.
    Act No. 332, Pub. Acts 1931, amending Act No. 260, Pub. Acts 1929, extending terms of office of judges of courts of common pleas, is not violative of constitutional prohibition against increasing or decreasing salaries of public officers after election or appointment (Const., art. 16, § 3).

Mandamus by Lillian M. Doyle to compel the Election Commission of the City of Detroit and others to accept petitions for a nomination for judge of the court of common pleas of Detroit for term ending July 3, 1935.

Mandamus by Lawrence E. Brown to compel same defendants to refrain from holding election for same office for term of six years beginning July 4, 1933. Cases consolidated. Submitted January 3, 1933. (Calendar Nos. 36,986, 36,992.) Writ denied plaintiff Doyle and granted plaintiff Brown January 13, 1933.

*Robbins & Schuur,* for plaintiff Doyle.

*John C. Bills, Oscar C. Hull,* and *Leo I. Franklin,* for plaintiff Brown.

*Clarence E. Wilcox,* Corporation Counsel, and *James R. Walsh,* Assistant Corporation Counsel (*Joseph A. Gillis,* of counsel), for defendants.

POTTER, J. These two mandamus cases were consolidated and heard together and will be so disposed of. Both are brought to compel action by the board of election commissioners of the city of Detroit. The first by Lillian Doyle who was denied, by defendants, the right to file her petitions for nomination for judge of the court of common pleas of Detroit for a term commencing immediately after the election and ending July 3, 1935, on the ground that Act No. 332, Pub. Acts 1931, is unconstitutional so far as it attempts to extend the term of office of the judges of the court of common pleas for a period of two years. The second is brought by Lawrence E. Brown, a citizen, resident and taxpayer of

Detroit, to compel defendants to refrain from calling and holding a primary or election in the spring of 1933 to elect judges of the court of common pleas of Detroit, for a term of six years from and after July 4, 1933, because defendants have accepted the nominating fee from one Ray Richards in order to have his name placed on the primary ballot for the spring of 1933 for the office of common pleas judge, for a term of six years commencing July 4, 1933, upon the theory that Act No. 332, Pub. Acts 1931, is unconstitutional.

The constitutionality of Act No. 332, Pub. Acts 1931, is attacked on the ground it is a local act passed by the legislature in violation of article 5, § 30, of the Constitution; is in violation of article 16, § 3, of the Constitution; and the extension of the term of office of the judges of the court of common pleas already elected is a legislative interference with the constitutional right of local self-government, an unlawful exercise of the appointing power by the legislature, in violation of the fundamental principles of home rule.

Act No. 260, Pub. Laws 1929 (3 Comp. Laws 1929, § 16369 *et seq.*), provided for the creation of the courts of common pleas in cities of a requisite population, and for the election of one judge for each 125,000 population. Act No. 260, Pub. Acts 1929, made no provision for a limitation on the number of judges of the court of common pleas, while Act No. 332, Pub. Acts of 1931, limits the number to nine. Act No. 260, Pub. Acts 1929, prescribes three years' legal practice anywhere as a qualification for the office of the judge of the court of common pleas. Act No. 332, Pub. Acts 1931, requires four years' legal practice in Michigan. By Act No. 260, Pub. Acts 1929, a judge of the court of common pleas could engage in practice elsewhere. By Act No. 332, Pub.

Acts 1931, he is prohibited from engaging in legal practice. By Act No. 332, Pub. Acts 1931, the rule-making power of the court of common pleas was extended. The regular term of office of all judges of the court of common pleas was extended from four years to six years; the judges of the court of common pleas having been elected under Act No. 260, Pub. Acts 1929, for terms of four years, which by Act No. 332, Pub. Acts 1931, is extended to six years.

Only one question of importance is involved; that is the constitutionality of Act No. 332, Pub. Acts 1931. There are no presumptions against its constitutionality. The policy of the law is determined within constitutional limits by the legislature, which is presumed to have acted within the scope of the powers delegated to it by the Constitution. The legislature of the State possesses all of the power possessed by the parliament of England, save as such power is modified, limited, and restrained by the Constitutions of the United States and of the State.

Act No. 332, Pub. Acts 1931, is to be construed in relation to the condition created by Act No. 260, Pub. Acts 1929, and the objects and purposes of the act itself, as defined therein.

Section 30 of article 5 of the Constitution provides:

"The legislature shall pass no local or special act in any case where a general act can be made applicable, and whether a general act can be made applicable shall be a judicial question. No local or special act, excepting acts repealing local or special acts in effect January one, nineteen hundred nine and receiving a two-thirds vote of the legislature shall take effect until approved by a majority of the electors voting thereon in the district to be affected."

Act No. 260, Pub. Acts 1929, was held not to be a local act but a general law, in *Kates* v. *Reading*, 254 Mich. 158; notwithstanding "the standard of population adopted by it renders it applicable only to the city of Detroit." If Act No. 260, Pub. Acts 1929, was a general law, Act No. 332, Pub. Acts 1931, which amended it, is, for the same reasons, a general law.

It is claimed Act No. 332, Pub. Acts 1931, is an unconstitutional infringement upon the right of municipal home rule. Article 8, § 21, of the Constitution provides:

"Under such general laws, the electors of each city and village shall have power and authority to frame, adopt and amend its charter and to amend an existing charter of the city or village heretofore granted or passed by the legislature for the government of the city or village and, through its regularly constituted authority, to pass all laws and ordinances relating to its municipal concerns, subject to the Constitution and general laws of this State."

Act No. 332, Pub. Acts 1931, being a general law, the home rule charter of the city of Detroit is subject thereto and not infringed thereby. The judges of the court of common pleas elected under Act No. 260, Pub. Acts 1929, took office July 4th and "hold office for a term of four years thereafter and until their successors are elected and have qualified."

It is contended their term of office may not be legally extended by Act No. 332, Pub. Acts 1931. A similar question was decided adversely to defendants' claim in the circuit court of Wayne county by Judges Brooke, Frazer, Donovan, and Hosmer, which decision was affirmed by this court in *Common Council of Detroit* v. *Schmid*, and *Rouff* v. *Common Council of Detroit*, 128 Mich. 379, 391 (92

Am. St. Rep. 468).   Act No. 437, Local Acts 1901, established biennial, in place of annual, elections in Detroit.   Its validity was attacked because it operated to extend the term of office of elective city officers.   The circuit judges above named said:

"We do not think that the question of local self-government is involved in these cases at all.   The present city officers were elected by the people, under the law that then existed, and with full knowledge of the law, to hold their offices for the full term for which they were elected.   What was that term, under the law?   It was just this: That they should hold their offices for the full time specified in the law for each officer, respectively, and until their successors were elected and qualified.   Under the law they hold their offices, not by legislative appointment, but by the votes of the people constitutionally recorded, and from no other authority.

"That the legislature has the right to change the time of holding elections was not questioned on the argument, nor can it be successfully questioned.   By the change a contingency has arisen whereby either new officers have to be elected, or the offices remain vacant, or the present officers hold over during the interim.   It is not necessary to discuss the first two of these propositions, for the answer to the third eliminates them from the discussion.   The present officers do hold over, because the law says so, and the people elected them knowing that in such a contingency they would hold over."

A majority of this court fully agreed with them. We are not disposed to overrule its holding.

The claim that Act No. 332, Pub. Acts 1931, violates article 16, § 3, of the Constitution, which provides:

"Neither the legislature nor any municipal authority shall grant or authorize extra compensation

to any public officer, agent, employe or contractor after the service has been rendered or the contract entered into.  Salaries of public officers, except circuit judges, shall not be increased, nor shall the salary of any public officer be decreased, after election or appointment,''

is without merit.  The salary of the judges of the court of common pleas is attached to the office. Whoever is legally entitled to hold the office is legally entitled to the salary affixed thereto.  46 C. J. pp. 968, 971, 1016.  We hold Act No. 332, Pub. Acts 1931, constitutional.

The writ may issue in the *Brown Case* and is denied in the *Doyle Case,* without costs in either.

McDonald, C. J., and Clark, Sharpe, North, Fead, Wiest, and Butzel, JJ., concurred.