Taylor, J.
The issue here is whether 2000 Public Act 381 is exempt from the power of referendum of the Michigan Constitution. Having granted leave to appeal and heard oral,argument, this Court finds as follows:
(1) The power of referendum of the Michigan Constitution “does not extend to acts making appropriations for state institutions . . . .” Const 1963, art 2, § 9.
*366 (2) 2000 PA 381 states that “one million dollars is appropriated from the general fund to the department of state police . . . MCL 28.425w(l).
(3) An appropriation of $1,000,000 is an “appropriation,” and the Department of State Police is a “state institution.”
(4) Therefore, the power of referendum of the Michigan Constitution does not extend to 2000 PA 381.
Accordingly, consistent with Const 1963, art 2, § 9 and an unbroken line of decisions of this Court interpreting that provision,[1] the Court of Appeals is reversed, and the relief sought in the complaint for mandamus is granted. The May 21, 2001 declaration by the Board of State Canvassers of the sufficiency of the petition for referendum on 2000 PA 381 is vacated and defendant Secretary of State and the Board of State Canvassers are directed that 2000 PA 381 is not subject to referendum for the reasons set forth herein.
Pursuant to MCR 7.317(C)(4), the clerk is directed to issue the judgment order in this case forthwith.
Corrigan, C.J., and Young and Markman, JJ., concurred with Taylor, J.

 Co Rd Ass’n of Michigan v Bd of State Canvassers, 407 Mich 101; 282 NW2d 774 (1979); Bds of Co Rd Comm’rs v Bd of State Canvassers, 391 Mich 666; 218 NW2d 144 (1974); Good Rds Federation v State Bd of Canvassers, 333 Mich 352; 53 NW2d 481 (1952); Moreton v Secretary of State, 240 Mich 584; 216 NW 450 (1927); Detroit Automobile Club v Secretary of State, 230 Mich 623; 203 NW 529 (1925).