Weaver, J.
I respectfully dissent from the majority’s decision affirming the circuit court’s judgment granting MGM’s motion for summary disposition because I believe that leave was precipitately granted in this matter. I would dismiss our jurisdiction over this case and remand to the Court of Appeals for continuation of the proceedings there.
On May 24, 2001, this Court, on its own motion, took jurisdiction as on leave granted before decision by the Court of Appeals.[1] It did so saying “[i]t appears that the issues raised regarding whether an ordinance is subject to referendum are sufficiently related to the *317 issues raised in Michigan United Conservation Clubs v Secretary of State, Supreme Court Docket No. 119274, that the cases should be considered together.” (Docket No. 119309.) The Court released its opinion in MUCC v Secretary of State (After Remand), 464 Mich 359; 630 NW2d 297 (2001). Obviously they are no longer being considered together.
The Court believed that consideration of the two cases would afford a better perspective on the issues that they appeared to have in common. However, after oral arguments, it became apparent that leave was improvidently granted in this case. The issues in this case were too dissimilar to be considered with Michigan United Conservation Clubs. While art 2, § 9 of the 1963 Michigan Constitution states that “[t]he power of referendum does not extend to acts making appropriations for state institutions or to meet deficiencies in state funds,” § 12-101 of the Detroit City Charter provides in pertinent part:
The voters of the city reserve the power to enact city ordinances, called the “initiative,” and the power to nullify ordinances, enacted by the city, called the “referendum.” However, these powers do not extend to the budget or any ordinance for the appropriation of money, the referendum power does not extend to any emergency ordinance. [Emphasis added.]
Additionally, in this case there is also the underlying issue whether the ordinance in fact contains an appropriation. Appellants assert that the ordinance does not incur any obligation as required by the definition of appropriation under the Uniform Budgeting and Accounting Act, that the funds paid to the city by MGM are not “public funds,” and that the ordinance *318 merely authorizes an appropriation, but is not itself an appropriation.
I believe that we should remand this case to the Court of Appeals for a decision on all the issues in light of our recent opinion in Michigan United Conservation Clubs, rather than issue an opinion on certain issues[2] and remand the remainder of the case.

 The Court of Appeals had already had oral argument on this case, but had not yet issued an opinion.

 In the grant order, this Court limited the appeal “to the issues concerning whether City of Detroit ordinance 35-98 is exempt from the referendum provision of the City Charter because it is an ordinance for the appropriation of money.”