SCHELL *v*. WATERFORD TOWNSHIP CLERK.

OPINION OF THE COURT.

1. ELECTIONS—TOWNSHIP OFFICERS—EXTENSION OF TERM OF OFFICE.

A statutory amendment that extends the term of incumbent township officers after they are elected for a regular term is not unconstitutional and is not beyond the power of the legislature (PA 1954, No 116, § 362, as amended by PA 1967, No 215).

2. SAME—EXTENSION OF TERM OF OFFICE.

The general rule forbids extending the term of office of an elective officer following his election, but exceptions have been recognized when the extension was for the purpose of changing the date of elections, date of commencement of term, or length of term.

3. SAME—TOWNSHIP OFFICERS—TERM OF OFFICE.

Township officers elected for statutory term before it was extended were not elected for a term of exact length, but for a term of 2 years plus such time as might lawfully elapse before the election and qualification of their successors (PA 1954, No 116, § 362, as amended by PA 1966, No 44; PA 1967, No 215).

4. SAME—ADMINISTRATION—POWER OF THE LEGISLATURE.

The legislature has always been vested with broad authority to enact and administer the election laws, and it does not matter that the extension of term of township officials was enacted after the incumbent officials were elected as long as the extensions were not of such duration as to raise a presumption that the office was deprived of its elective character.

REFERENCES FOR POINTS IN HEADNOTES

[1–4, 6, 7]  43 Am Jur, Public Officers § 151 *et seq.*
[5]  5 Am Jur 2d, Appeal and Error § 1009 *et seq.*

5. Costs—Action to Force an Election of Township Officers.
No costs are awarded in an appeal from trial court judgment compelling the holding of an election of township officers.

Separate Opinion.

Adams, J.

6. Elections—Extension of Term of Office—Constitutional Intent.

*The Michigan Constitution of 1963 contemplates a transitional period of office holding where this is required to effectuate changes brought about by new provisions in that Constitution, and it is within the power of the legislature to enact legislation extending terms of elected officials reasonably to effectuate changes in election schedules (Const 1963, art 2, § 5).*

7. Same—Township Officers—Extension of Term of Office—Power of Legislature.

*The time limit of the transitional period for implementing legislation under the Constitution of 1963 has been reached, and, while a 1967 act extending the term of township officers elected in 1966 is upheld, this decision is restricted to its facts and shall not be a binding precedent for future legislative action (PA 1954, No 116, § 362, as amended by PA 1966, No 44, and PA 1967, No 215).*

Direct emergency appeal from Oakland, Beer (William John), J. Submitted June 25, 1968. (Calendar No. 12, Docket No. 52,058.) Decided July 20, 1968.

Complaint by James F. Schell and others against Arthur J. Salley, Waterford Township Clerk, for a writ of mandamus to compel defendant to accept plaintiffs' nominating petitions and enforce conduct of a primary and general election for township supervisor, clerk, and treasurer. Writ granted. Defendant appeals. Reversed.

*Richard L. Murphy* and *Gerald E. McNally,* for plaintiffs.

*Booth, Patterson, Hays & Karlstrom,* for defendant.

*Amicus Curiae: Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Russell A. Searl,* Assistant Attorney General.

PER CURIAM.   The present supervisor, clerk, and treasurer of Oakland county's Waterford township were elected in November of 1966 for the statutory term fixed by section 362 of PA 1954, No 116,[1] then most recently amended by immediately effective PA 1966, No 44.   By PA 1967, No 215, section 362 was amended again to provide deferment of the date of commencement of the term of such officers from April 10 to November 20 next following their election, and to provide—controversially here:

"Only township officers who were elected by the people in a general election for 2 years in 1966 shall serve until November 20, 1970."

The quoted provision embraced, of course, the mentioned supervisor, clerk, and treasurer of Waterford township.

April 26, 1968, plaintiffs Schell, Daly, and Olsen submitted to the township clerk petitions nominating them respectively for primary election to the offices of Waterford township supervisor, clerk, and treasurer at the regular primary election to be held August 6, 1968 (PA 1954, No 116, § 534, as amended by PA 1963 [2d Ex Sess], No 57 [MCLA § 168.534, Stat Ann 1968 Cum Supp § 6.1534]).   The clerk refused to accept or act upon such petitions, alleging that, by the 1967 amendment of section 362, no primary or general election to the 3 offices would or could be held in 1968.

---

[1] See CLS 1961, § 168.362, as amended (Stat Ann 1965 Cum Supp § 6.1362, as amended).—REPORTER.

The issue was brought promptly into the Oakland circuit by "action in the nature of mandamus" to compel acceptance of plaintiffs' said nominating petitions and enforce conduct of the primary and general elections called for thereby. Issue having been joined, heard, and submitted, the circuit judge ruled that the quoted provision of the 1967 amendment was and is invalid for these reasons (judgment entered May 6, 1968):

"It is adjudged and determined that the legislature of the State of Michigan lacked constitutional power to extend the terms of the township officers elected in November 1966 following their election beyond the date on which the terms for which they were elected expire.

"It is further adjudged and determined that those provisions of PA 1967, No 215, which purport to extend the terms of office of the supervisor, clerk, and treasurer of said township who were elected in 1966 beyond April 10, 1969 are unconstitutional and void."

The defendant clerk was ordered to proceed accordingly. Upon emergency application to this Court for leave to appeal, filed May 27 and supported by the attorney general *amicus,* our order entered granting review. The order directed that all additional briefs and appendices be filed not later than June 25, 1968, "whereupon the appealed cause will be deemed submitted for meritorious decision."

Appellees' presentation of the reviewed question is rhetoric a bit overdone.[2] The question really is whether the 1967 amendment of section 362 uncon-

---

[2] The question, stated by appellees:

"Can the Michigan legislature by the passage of PA 215, 1967, effectively destroy the elective nature of the constitutional offices of Waterford township supervisor, clerk, and treasurer by granting to the incumbents an additional 18 months to their 2-year elected term?"

stitutionally extended the term of the 3 incumbent township officers after they had been elected for the regular 2-year term.   We hold it did not and point particularly to the currently preserved provision that "Each township officer shall hold office until his successor is elected and qualified."   See said section 362 in PA 1965, No 4; in PA 1966, No 44, and in PA 1967, No 215; also Const 1963, sched § 3.

The attorney general stands for application to the restated question of the rule and reasoning which this Court wrote for *Common Council of Detroit* v. *Schmid* (1901), 128 Mich 379, 389–394.   So does to-day's majority of the Court.   The attorney general proceeds:

"There is no question but that the general rule forbids extending the term of office of an elective officer following his election.   However this Court has recognized and upheld by its decisions exceptions to this general rule and has cited with approval decisions by the courts of other States upholding statutory provisions adopted for the primary purpose of changing the date of election, date of commencement, or the length of the term, of elective officials.

"A number of those decisions from other jurisdictions are cited in the opinion of this Court in *Common Council of Detroit* v. *Schmid* (1901), 128 Mich 379, where this Court upheld the validity of a statute providing for biennial city elections commencing in 1902 in lieu of annual elections and specifying that no election be held in 1901.

"Of similar import was the decision in *Doyle* v. *Election Commission of City of Detroit* (1933), 261 Mich 546 upholding the constitutionality of PA 1931, No 332, by which the terms of judges of the common pleas court of the city of Detroit were extended from 4 to 6 years, and providing that judges previously elected for 4-year terms would not have to run for re-election for an additional 2 years."

· As in *Schmid* these incumbent township officers were not elected just for a time-exact term. They were elected for a 2-year term plus such time as might lawfully elapse prior to the election and qualification of their successors. Aside from this, considering the broad authority which has always been vested with the legislative branch (broader than ever now)[3] to enact and administer election laws, including the time and manner thereof, it does not matter that the amendment of 1967 was adopted *after* the election of these incumbent officers, just so long as the effected extension of their 2-year terms is not shown as having been enacted "for such unreasonable time as to raise the presumption of a design to deprive the office of its elective character." (*Schmid,* 393.) Here there is no hint, nor could there be, of any such design.

The well-considered opinion of *Schmid* is commended for consideration when any enactment postponing the time of an election is questioned for constitutional validity. That opinion calls for reversal of the circuit court's judgment and entry by that court of a new judgment dismissing the instant complaint. It is so ordered. No costs.

DETHMERS, C. J. and BLACK, T. M. KAVANAGH, O'HARA, and T. E. BRENNAN, JJ., concurred.

ADAMS, J. (*concurring*). The Constitution of 1963 took effect on January 1, 1964. Prior thereto, the township offices of supervisor, clerk, and treasurer were filled for a term of two years at an election

---

[3] Const 1963, art 2, § 4. The constitutional convention's "Address," set forth below new section 4, opens with this introductory sentence:

"This is a revision of section 8, article 3, of the present Constitution and vests in the legislature full authority over election administration, subject to other provisions of this Constitution and to the United States Constitution and laws."

on the first Monday of April in each odd-numbered year. Const 1908, art 8, § 18; CLS 1961, §§ 168.358, 168.362 (Stat Ann 1956 Rev §§ 6.1358, 6.1362). The designated township offices were last so filled at the April elections in 1963.

The Constitution of 1963 continued the township offices of supervisor, clerk, and treasurer but specified the terms shall be not less than two years nor more than four years as prescribed by law. Const 1963, art 7, § 18. The 1963 Constitution, however, changed the time for holding township and other elections to the first Tuesday after the first Monday in November in each even-numbered year, thereby eliminating the biennial spring election. Art 2, § 5.

The problem of how to make the transition from spring to fall elections was first dealt with by the attorney general on October 17, 1963, when he issued opinion No 4201 to the chairman of the elections subcommittee on constitutional implementation, house of representatives, advising that the first election of county officers under the Constitution of 1963 was to be held at the general election in November of 1964. OAG 1963–1964, page 206. On April 22, 1964, he reached a similar conclusion as to the time to hold the first election of constitutional township officers. OAG 1963–1964, page 378, opinion No 4316. In that opinion the attorney general also advised that the legislature was empowered to amend the Michigan election law to provide that the constitutional township officers elected at the general November election in 1964 shall begin their terms of office on a date certain in April of 1965, but that they must be elected for terms of either two or four years (p 381). The attorney general stated that the legislature could conform the time of taking office by township officials to that of other local governmental officers by providing that township officers

elected in November 1964 should hold office until November 30, 1968, or December 31, 1968.

In 1965, the November 1964 elections having passed, the legislature passed PA 1965, No 4, amending section 362 of the election law[1] to provide that all township officers except justices of the peace shall take office at 12 noon on April 10 next following their election, the provision to apply in 1965 only. The term of office was left at two years.

In 1966, by PA 1966, No 44, effective June 2, 1966, the legislature amended section 362 of the election law to provide without restriction that all township officers shall take office at 12 noon on April 10 next following their election. In 1967, by PA 1967, No 215, the legislature again amended section 362 of the election law to provide that all township officers shall take office at 12 noon on November 20 next following their election and that "only township officers who were elected by the people in a general election for 2 years in 1966 shall serve until November 20, 1970."

The solution to the problem of overriding terms of incumbent township officers who had been elected in April of 1963, of transition from spring to fall elections and of having township officials take office shortly after their election in the fall has been handled piecemeal by the legislature over a period of four years.[2] I agree that the schedule of the 1963 Constitution contemplates a transitional period of officeholding where requisite to effectuate changes brought about by new provisions of that Constitution. I think the legislature has reached the time limit of the transitional period for implementing

---

[1] PA 1954, No 116, § 362 (See CLS 1956, § 168.362 [Stat Ann 1955 Cum Supp § 6.1362]).—Reporter.

[2] The legislature attempted to deal with it in the Second Extra Session of 1963. See the Attorney General's opinion No 4316, *supra*, pp 379-380.

legislation under the Constitution of 1963. I vote to uphold the legislation here challenged but I do not accept this decision as a binding precedent for future legislative action.

I concur in reversal and the entry of a new judgment dismissing the complaint but limit my decision to the facts of this case.

KELLY, J., took no part in the decision of this case.