76 N.J. Super. 475 (1962)
184 A.2d 886
MARYLAND CASUALTY COMPANY, A CORPORATION OF THE STATE OF MARYLAND, PLAINTIFF-RESPONDENT,
v.
ANNA G. ZANCA, GENERAL ADMINISTRATRIX AND ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF FRED B. ZANCA, DECEASED, GERALD CONTI, INDIVIDUALLY AND TRADING AS CONTI CONTRACTORS, INC., AN ASSUMED BUT NON-EXISTENT CORPORATE ENTITY, CONTI CONTRACTORS, INC., A NEW JERSEY CORPORATION, RICHARD WRIGHT, NAT CONTI, RICHARD KNIGHT, ROY GARY, ELAINE W. LOZADO, ANNA ZANCA AND ANIBAL FERREIRO, DEFENDANTS, AND ROBERT L. OLSON, WAYNE P. MITCHELL, JOHN W. HAND, B. FRANKLIN REINAUER II, ROBERT T. RAYMOND, HENRY H. GERRITSEN, MERVILLE SEELY AND VILLAGE OF RIDGEWOOD, A MUNICIPAL CORPORATION OF NEW JERSEY, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued October 1, 1962.
Decided October 23, 1962.
*476 Before Judges PRICE, SULLIVAN and LEWIS.
Mr. James A. Major argued the cause for defendants-appellants (Messrs. Major & Major, attorneys; Mr. James A. Major, of counsel; Mr. James A. Major, II, on the brief).
Mr. Edward E. Kuebler argued the cause for plaintiff-respondent.
*477 The opinion of the court was delivered by PRICE, S.J.A.D.
Plaintiff Maryland Casualty Company (hereinafter Maryland) instituted an action in the Superior Court, Law Division, for a declaratory judgment pursuant to the provisions of N.J.S. 2A:16-50 et seq. Maryland thereby sought an adjudication of its rights and obligations under two certain policies of insurance, a "Workmen's Compensation and Employers' Liability Policy" and a "Comprehensive General Liability Policy," issued by it to Conti Contractors, Inc. (by appropriate court order the name of the designated insured was later corrected to read "Gerald Conti, t/a Conti Contractors"). Plaintiff contended that the provisions of said policies did not require it: (a) to honor a demand that it defend two certain suits (among others) pending in the Superior Court, Law Division, and (b) to satisfy any judgments which might therein be recovered. The suits in question had been instituted by Anna G. Zanca, general administratrix and administratix ad prosequendum of the estate of Fred B. Zanca, deceased, and by Sidd Kravitz, general administrator and administrator ad prosequendum of the estate of Michael Angelo Lozado, deceased, against the Village of Ridgewood (hereinafter Ridgewood) and others for damages under the Wrongful Death Act. Alleged negligence of the municipality and its officials was asserted as the basis for the actions instituted as the result of an accident occurring on October 3, 1958. Zanca v. Conti, 73 N.J. Super. 23 (App. Div.), certif. den. 37 N.J. 522 (1962).
Ridgewood, three members of its governing body and its clerk answered Maryland's complaint in the instant case and also filed a counterclaim by which they sought a judgment granting the following relief, to which we have hereinabove referred:
"A. Requiring the plaintiff [Maryland] forthwith to conduct, and at its own cost and expense, the defense of the suits instituted by Anna G. Zanca and Sidd Kravitz and any other suits which may be instituted against these defendants or any of them arising out of the *478 operations of the said Gerald G. Conti under the terms of the contract of April 15th, 1958 and to pay within the limits of the policy coverage any judgments which may be obtained by the said Anna. G. Zanca or Sidd Kravitz or any other person who shall hereafter institute suit.
B. To indemnify these defendants against any and all claims made by the said Anna G. Zanca or Sidd Kravitz or any other person who shall hereafter institute suit against these defendants or any of them arising out of the operation of the said Gerald G. Conti under the terms of the contract of April 15th, 1958 or pursuant to his operations thereunder.
C. That the said Maryland Casualty Company indemnify these defendants for attorneys fees already incurred in the defense of the said suits."
The case was resolved by the trial court on the basis of the pleadings, pretrial order, the aforesaid insurance policies, and the written contract between Ridgewood and Gerald G. Conti, dated April 15, 1958, for the construction of a sanitary sewer on Linwood Avenue and Route 17 in Ridgewood. The trial court, by its declaratory judgment entered November 27, 1960, held that under the aforesaid policies Maryland had no obligation to defend Ridgewood and others named in the Zanca and Kravitz actions aforesaid or to pay any judgments which might be returned against them in those suits.
Meanwhile, in the Zanca and Kravitz cases, defendants (Ridgewood, Irma D. Raymond, executrix of the last will and testament of Robert T. Raymond, deceased (former Ridgewood engineer), Merville Seely (assistant Ridgewood engineer), and Henry J. Gerritsen (its inspector)) on their motion were granted a summary judgment (R.R. 4:58-2,-3). The motion for summary judgment was considered and resolved on the basis of the pleadings, affidavits and depositions. Zanca and Kravitz appealed to this court, seeking a reversal of the judgment as to Ridgewood only. They contended that, in view of the proofs adduced, certain factual questions were presented which could be resolved only at a plenary trial. We agreed and, reversing the summary judgment aforesaid, remanded the case to the Law Division for *479 trial as to Ridgewood. Zanca v. Conti, supra, 73 N.J. Super., at p. 39. The case is pending.
By stipulation between the parties in the instant case the appeal by Ridgewood et al. from the judgment of the trial court in favor of Maryland under the action for a declaratory judgment was held in abeyance pending this court's resolution of the appeal in the Zanca and Kravitz cases aforesaid. Following the aforesaid decision of this court in those cases, the instant appeal was restored to the active list and was argued.
Ridgewood initially bases its claim that Maryland is obligated to defend it and its officials in the Zanca and Kravitz suits and is responsible for any verdicts that might be entered therein: (1) on the following provisions of the contract between Conti and Ridgewood in which the former agreed:
"[Section 3] (d) To indemnify the Village of Ridgewood against the claims of all materialmen and employees of the Contractor [Conti] including court costs and attorneys' fees incurred in the defense of any litigation instituted by any officer, employee, laborer, or materialman of the Contractor to which the Village of Ridgewood is made a party.
(e) To obtain all releases, discharges or other instruments that may be required to release the Village of Ridgewood from any and all claims, demands, suits of whatsoever kind or nature arising out of the performance of this contract."
and (2) on the following provisions of the aforesaid insurance policies issued by Maryland to Conti:
"[Workmen's Compensation and Employers' Liability Policy] To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury by accident or disease, including death at any time resulting therefrom, sustained in the United States of America, its territories or possessions, or Canada by any employee of the insured arising out of and in the course of his employment by the insured either in operations in a state designated in Item 3 of the declarations or in operations necessary or incidental thereto."
"[Comprehensive General Liability Policy] To pay on behalf of the insured all sums which the insured shall become legally obligated *480 to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person and caused by accident."
Each of said policies was dated May 3, 1958 and extended coverage to Conti for a period of one year thereafter.
Maryland's answer to Ridgewood's contention is based on the following: (1) its insured under each of the aforesaid policies was Conti, only, and that Ridgewood was neither a named insured nor an added insured; (2) claims for compensation under the Workmen's Compensation and Employers' Liability Policy have been made by the representatives of the aforesaid decedents and by the injured workmen and have been honored by Maryland; (3) while it denies that there is any merit to Ridgewood's contention that Conti is obligated to indemnify Ridgewood under section 3(d) and (e) of its aforesaid contract with Conti (in connection with the Zanca and Kravitz suits which, as stated, were based on alleged negligence of Ridgewood), the Maryland policies provide no coverage for Ridgewood on any such indemnity concept; (4) its Comprehensive General Liability Policy contains a clause under "exclusions" stating specifically that the policy "does not apply: (a) to liability assumed by the insured under any contract or agreement [with exceptions not here applicable]"; and (5) its Workmen's Compensation and Employers' Liability Policy contains a similar exclusion under paragraph "(c)" of "exclusions" designated in that policy.
By reason of the foregoing provisions Maryland contends that the "plain and unambiguous" language of the policies "leads clearly to the conclusion that Maryland is not responsible for any contractual obligation assumed by Conti to indemnify Ridgewood."
In resolving the issues presented by the declaratory judgment action the trial court initially held that the "decedents and the others who were injured in this catastrophe being employees are covered solely by the Workmen's Compensation Policy and that their remedy is exclusively in the Workmen's *481 Compensation Bureau and they have no common law right of action against the defendant, Conti, trading as Conti Contractors."
The trial court, then turning to a consideration of Ridgewood's contention that it was entitled to coverage by Maryland by reason of the provisions of the aforequoted section 3(d) and (e) of the Conti-Ridgewood contract, said:
"Obviously, I don't think it is necessary for me to cite any authority for the proposition that the judicial department will not make a better contract for the parties than they have made for themselves, and that particularly applies to insurance contracts, even though I am conscious of the rule too that insurance contracts must be construed most strongly against the draftsman, but I cannot bring myself around to the conclusion that the Maryland Casualty Company, the plaintiff here, under its Comprehensive General Liability Policy, is obligated to provide a defense to the Village of Ridgewood under the terms of its policy or under the agreement which Conti had with the Village of Ridgewood, and the clause that I have already quoted about indemnifying the Village against all claims."
In challenging the determination of the trial court Ridgewood argues on appeal that: (1) when Maryland issued the policies in question, it knew "what Conti's activities were"; that "primarily working for others, the others [such as Ridgewood] would want efficient protection," and that "therefore" the policies at issue are "to be interpreted in light of the result to be accomplished"; (2) "when policies are written and they are denominated `comprehensive,' the average man can freely believe that he is obtaining protection against the hazards which call for insurance in the first place," and that "in the present case the activity which called for insurance was the hiring of Conti to do a necessary work."
We find no legal foundation for those contentions. We are in accord with the aforesaid conclusion of the trial court and its quoted reason therefor. The only named assured was Conti. The exclusion clauses in the policies are clear and unambiguous. The policies afford no justification for the construction which Ridgewood seeks to place upon them.
*482 Moreover, in asserting its contention, Ridgewood ignores the fact that the Zanca and Kravitz suits charge that Ridgewood's negligence was the proximate cause for the fatal accident aforesaid. The basis on which we held that the summary judgment in Ridgewood's favor in that case (Zanca v. Conti, supra, 73 N.J. Super. 23, 31-32) should be set aside and the cause remanded for a plenary trial is expressed in that opinion as follows:
"In assessing the correctness of Ridgewood's aforesaid contentions, we must initially determine whether, in the record submitted to the trial court, evidence existed from which it legitimately might be inferred that the deteriorated condition of the municipal water main, contiguous to the area where plaintiffs' intestates and other Conti employees were working, caused it to burst and, if so, whether such bursting was the proximate cause of the accident. Plaintiffs answer both questions in the affirmative. Ridgewood asserts that such conclusions, allegedly drawn from the depositions and affidavits, are completely unwarranted. Thus the inquiry embodied in our assessment of the propriety of the trial court's entry of summary judgment in favor of Ridgewood is a limited one. On the initial issue aforesaid, viewing the proofs most favorably for plaintiffs, we find that the foregoing factual recital supports an inference that the partially uncovered water main had deteriorated to such an extent that, during the course of the excavation, it burst, and its bursting precipitated the fatal accident."
It is therefore clear that no justification exists for Ridgewood's contention in the instant case that it is entitled to demand protection from Maryland in connection with said suits and to rest its asserted right to such protection on the basis of the aforesaid Conti contract and the insurance policies issued by Maryland to Conti.
After advancing a further contention that the contract between Conti and it "calling for indemnification" added nothing "to the common law obligation resting on Conti," and "that Conti was obligated to indemnify Ridgewood regardless of any written contract to that effect," Ridgewood states:
"The entire thrust of our argument is that when the contract was signed and the policies issued the main purpose to be served was to *483 have Conti do the work with machines and employees of his own selection and relieve Ridgewood of the hazards of litigation arising from the operation of the contract. This purpose is thwarted by the construction placed on the policies below. Under that construction Ridgewood is faced with costly litigation in defending these suits and the hazard of paying judgments obtained by Conti's employees or to reimburse Conti's insurance carrier for the amount of the compensation awards. This hardly seems the result which businessmen hope to accomplish."
This contention has no proper application to the issue presented on this appeal, namely, whether Maryland is obliged to defend the suits instituted against Ridgewood (and pay any resultant judgments) based on Ridgewood's alleged negligence (Zanca v. Conti, supra, at pp. 31-37).
The judgment of the Superior Court, Law Division, is affirmed.