CURBELO *v* MACOMB COUNTY COMMUNITY
COLLEGE TRUSTEES

1. APPEAL AND ERROR—DECLARATORY JUDGMENT—DE NOVO REVIEW.
Review of a declaratory judgment proceeding is *de novo*.

2. CONTRACTS—CONSTRUCTION—QUESTION OF LAW.
The court, not the jury, construes written contracts and defines what is and what is not within their terms.

3. CONTRACTS — CONSTRUCTION — WILFUL VIOLATION — QUESTION OF LAW.
Whether a probationary college instructor's failure to report his absences in order to conserve sick days constituted a "wilful violation" of the contract, the term used in the governing contract, was a question of construction for the court to determine.

4. CONTRACTS — COLLEGE INSTRUCTORS — WILFUL VIOLATION — UNREPORTED ABSENCES.
Terminating the employment of a probationary college instructor was reasonable where the trial court, adopting the findings of fact of an advisory jury, found that the instructor had failed to report absences in order to conserve sick days and the contract provided that a probationary teacher could be dismissed for "reasonable and adequate cause" and that "reasonable and adequate cause" meant a "wilful violation" of the contract.

Appeal from Macomb, Frank E. Jeannette, J. Submitted Division 2 December 8, 1971, at Lansing. (Docket No. 10400.) Decided February 23, 1972. Leave to appeal denied, 387 Mich 781.

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur 2d, Appeal and Error § 119.
[2–4] 17 Am Jur 2d, Contracts § 240 *et seq.*
[3, 4] 15 Am Jur 2d, Colleges and Universities § 11.

Complaint by Rafael Curbelo against the Macomb County Community College Board of Trustees seeking a declaratory judgment that he was entitled to a permanent status teaching contract for the academic years 1968–1969 and 1969–1970. Judgment for plaintiff. Defendant appeals. Reversed and remanded with instructions.

*Sanborn & Liedel,* for plaintiff.

*Johnson & Wendt,* for defendant.

Before: McGREGOR, P. J., and BRONSON and TARGONSKI,* JJ.

McGREGOR, P. J. This is a declaratory judgment case. Review of a declaratory judgment proceeding is *de novo. McComb v McComb,* 9 Mich App 70, 74 (1967).

Plaintiff was employed by the defendant as an assistant professor of Spanish. His first two academic years were 1966–67 and 1967–68, during which time he had the usual probationary status. In March 1968, plaintiff was notified by the defendant that he had been granted a third probationary contract. While plaintiff indicated that he did not like this third year as a probationary teacher, nevertheless, he accepted the defendant's offer in April 1968. In March 1969, plaintiff was notified that he would not be offered a teaching contract for the academic year 1969–70 because of his unsatisfactory attendance record. On July 23, 1969, plaintiff brought suit for declaratory judgment, pursuant to GCR 1963, 521, seeking a judgment declaring that he was entitled to a permanent status contract as a full-

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

time teacher for the defendant for the academic years 1968–69 and 1969–70. The relief requested by plaintiff is similar to specific performance of a contract, which is one of the classic cases for equity jurisdiction. See 5A, Corbin on Contracts, § 1137, p 97. The defendant admitted that the plaintiff had a probationary status contract, but averred that the employment was terminated by the defendant according to the procedures set forth in the agreement between the defendant and the teachers' representative, the Macomb County Community College Faculty Organization.

A trial was held before the court and an advisory jury. Four special questions were submitted to the advisory jury; their findings are as follows:

"1. Do you find that the plaintiff, Rafael Curbelo, during the school year 1968–1969 failed to report one or more absences from scheduled classes.

"The Jury answered yes.

"2. Do you find that the plaintiff, Rafael Curbelo, during his tenure as a teacher for the defendant reported one or more absences only after being notified that he failed to do so.

"The Jury answered yes.

"3. If you find that the plaintiff, Rafael Curbelo, during his tenure as a school teacher for the defendant, reported one or more absences only after being notified that he failed to do so, do you find that this failure to so promptly report his absences was an attempt on his part to conserve his sick days.

"The Jury answered yes.

"4. Did the defendant college have reasonable and adequate cause for not rehiring the plaintiff.

"The Jury answered no."

After receiving the verdict and dismissing the jury, the trial court made the following comment:

"The jury has made their advisory finding. I suppose that the court now has to make its official

finding. Frankly, I am at a loss how they can answer those first three questions yes and come up with a final answer no."

In its written opinion, the trial court stated:

"The court finds that the verdict of the jury was proper based upon the testimony and exhibits.

"In conclusion the court finds:

"1. That the plaintiff had probationary status during the year 1968–1969;

"2. That the reasons for not rehiring the plaintiff were not reasonable and adequate."

In its opinion, the trial court specifically adopted the findings of fact of the advisory jury. Findings of fact by the trial judge in a nonjury action will not be reversed unless they are clearly erroneous. GCR 1963, 517. *McDaniels* v *Schroeder,* 9 Mich App 444 (1968); *Jinkner* v *Town & Country Lanes Inc,* 10 Mich App 596 (1968). The findings of fact on questions one through three are supported by the record and are not clearly erroneous.

However, question four is not a finding of fact, but an interpretation of the provisions of the contract between defendant and plaintiff's representative, the Macomb County Community College Faculty Organization. It is the duty of the court, not the jury, to construe written contracts and to define what is and what is not within their terms. *Cutler* v *Spens,* 191 Mich 603 (1916). See also *Pan American Petroleum Corp* v *Cities Service Gas Co,* 191 Kan 511; 382 P 2d 645 (1963).

The contract provides that:

"The service of a probationary teacher shall not be terminated nor shall he be placed upon a third year probation except for reasonable and adequate cause, or for failure to meet the standards established by the departmental or area evaluative procedures, or for a significant falsification of employ-

ment credentials. By 'reasonable and adequate cause' is meant wilful violation of contract or refusal to perform contractual duties."

The trial court sought to reconcile his verdict with the findings of fact by suggesting that the procedure for reporting partial absences was confusing. The specific finding by the advisory jury and adopted by the trial court was that the plaintiff failed to report his absences, not because the reporting procedure was confusing, but because he wanted to conserve his sick days. This finding is fully supported by the record. The trial court's verdict that the reasons for not rehiring the plaintiff were not reasonable and adequate is inconsistent with his findings of fact. The terms of the contract are clear that "reasonable and adequate cause" means a "wilful violation of the contract or refusal to perform contractual duties". The contract provides that when a teacher is unable to meet his classes due to illness, he shall report his absence(s) to the school. The failure to report absences in order to conserve sick days is within the meaning of a wilful contract violation.

Reversed. Remanded to the trial court for the entry of an order declaring that defendant had reasonable cause to terminate plaintiff's employment.

All concurred.