KUHN v CITY OF EAST DETROIT

1. APPEAL AND ERROR—FAILURE TO SUBMIT PROOFS—COURT RULES.

   The Court of Appeals cannot review a trial court decision where the parties failed to submit any proofs on the record (GCR 1963, 521.2).

2. DECLARATORY JUDGMENT—RELIEF—CONDITION PRECEDENT—ACTUAL CONTROVERSY—APPEAL AND ERROR—LACK OF RECORD.

   The existence of an actual controversy is a condition precedent to the invocation of declaratory relief, and, while the Court of Appeals has liberally construed the test for declaratory relief the lack of any record from which to determine the existence of an actual controversy strips the Court of Appeals of its power of *de novo* review.

3. DECLARATORY JUDGMENT—CONTROVERSY—BURDEN OF PROOF.

   A plaintiff in an action for declaratory judgment must allege and prove an actual justiciable controversy before affirmative relief can be granted, and a declaratory judgment for defendant was improvidently granted where neither party offered proofs.

Appeal from Macomb, Walter P. Cynar, J. Submitted Division 2 June 7, 1973, at Detroit. (Docket No. 15928.) Decided November 2, 1973. Leave to appeal denied, 391 Mich —.

Complaint by Richard K. Kuhn against the City of East Detroit for declaratory judgment to determine the constitutionality of a residency clause in a city charter. Judgment for defendant. Plaintiff appeals. Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Appeal and Error §§ 515–532.

[2] 4 Am Jur 2d, Appeal and Error § 397 *et seq.*

[3] 29 Am Jur 2d, Evidence §§ 12, 123–132.

*Dank, Peterson & Hay, P. C.,* for plaintiff.

*Carl B. Weymouth,* for defendant.

Before: BRONSON, P. J., and V. J. BRENNAN and WALSH,* JJ.

BRONSON, P. J. Plaintiff, a fireman for the City of East Detroit, challenged the constitutionality of East Detroit Charter, Chapter 19, § 5, in a declaratory judgment proceeding. Chapter 19, § 5, provides:

"Section 5. *Qualifications.* All officers and employees shall be elected or appointed with reference to their qualifications and fitness, and for the good of the public service, and without any reference to their political faith or party affiliations. *Except in case of skilled laborers, not obtainable within the City, only bona fide residents of the City shall be employed, provided they can be obtained at the going wage.*" (Emphasis supplied.)

The complaint alleged that plaintiff had requested permission to change his residency from the City of East Detroit, but his superiors advised that such action would be considered a voluntary resignation. Plaintiff asserted that the cited provision violates the equal protection and due process clauses of both the Federal and state constitutions, and claimed the case presents an actual controversy. Defendant filed a delayed answer. At the pretrial conference the court set a hearing date for the submission of proofs. Both parties appeared at the hearing, but neither offered proof in support of these positions. Nevertheless, the trial judge in a written opinion upheld the validity of the statute. Plaintiff asserts on appeal that the trial court

---

* Circuit judge, sitting on the Court of Appeals by assignment.

erred reversibly because the charter provision bears no relationship to public health, safety, and welfare. Further, he argues that the provision creates an unreasonable, arbitrary, and discriminatory classification unrelated to the object of the provision and totally unsupported by natural distinguishing facts.

We cannot review the trial court decision because the parties failed to submit proofs on the record. GCR 1963, 521.2 provides that "[t]he procedure for obtaining declaratory relief pursuant to this rule shall be in accordance with these rules". The declaratory judgment proceeding is thus subject to conditions applicable to other actions. Fundamental to maintenance of this, as other actions, is the existence of a record. Once the issues have been framed, the court should hear the merits of the controversy on the record. *Mayor of Dearborn v Dearborn Retirement Board of Trustees,* 315 Mich 18; 23 NW2d 186 (1946). See, also, GCR 1963, 521.4.

Alternatively, the existence of an "actual controversy" is condition precedent to invocation of declaratory relief. GCR 1963, 521.1; *Welfare Employees Union v Civil Service Commission,* 28 Mich App 343; 184 NW2d 247 (1970); *Corporation & Securities Commission v American Motors Corp,* 4 Mich App 65; 143 NW2d 767 (1966). While this Court has liberally construed the test for declaratory relief, and will grant relief in the interests of justice, the lack of *any* record from which to determine the existence of an actual controversy strips this Court of its powers of *de novo* review. *McComb v McComb,* 9 Mich App 70; 155 NW2d 860 (1967). Not only must plaintiff plead the facts entitling him to the judgment he seeks; he has the additional burden to prove each fact alleged. Plain-

tiffs must allege and prove an actual justiciable controversy before affirmative relief can be granted. 26 CJS, Declaratory Judgments, § 147, p 348. Failure to follow this elementary principle deprives this Court of its constitutionally ordained function. Const 1963, art 6, § 28, provides:

"All final decisions, findings, rulings and orders of any administrative officer or agency existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights or licenses, shall be subject to direct review by the courts as provided by law. This review shall include, as a minimum, the determination *whether such final decisions, findings, rulings and orders are authorized by law; and, in cases in which a hearing is required, whether the same are supported by competent, material and substantial evidence on the whole record.* Findings of fact in workmen's compensation proceedings shall be conclusive in the absence of fraud unless otherwise provided by law." (Emphasis supplied.)

The trial court improvidently entered a judgment in favor of defendant, City of East Detroit. The judgment is vacated and the cause remanded for proceedings not inconsistent with this opinion. On remand, the parties should consider the nature of the interest and test to be applied in light of *Shapiro v Thompson,* 394 US 618; 89 S Ct 1322; 22 L Ed 2d 600 (1969);[1] *Krzewinski v Kugler,* 338 F Supp 492 (D NJ, 1972); *King v New Rochelle Municipal Housing Authority,* 442 F2d 646 (CA 2, 1971), but *cf. Detroit Police Officers Association v Detroit,* 385 Mich 519; 190 NW2d 97 (1971)

Reversed and remanded. We do not retain jurisdiction.

All concurred.

---

[1] *See, also:* "Residence Requirements After *Shapiro v Thompson",* 70 Colum LR 134 (1970), for analysis of the implications of *Shapiro, supra.*