GEORGE E. SNYDER ASSOCIATES, INC. v THE MIDWEST BANK

1. JUDGMENT—SUMMARY JUDGMENT—GENUINE ISSUE OF FACT—COURT RULE.

    A motion for summary judgment, made before trial has commenced, is not to be granted unless it can be said, giving the benefit of every reasonable doubt to the party opposing the motion, that there is no genuine issue as to any material fact (GCR 1963, 117.2[3]).

2. JUDGMENT—SUMMARY JUDGMENT—GENUINE ISSUE OF FACT —COURT RULE.

    A court is required to consider all affidavits filed in an action together with the pleadings, depositions, admissions, and documentary evidence when determining whether a genuine issue of fact exists, and should not grant a summary judgment unless it is impossible for the opposing party's claim to be supported at trial because of some deficiency which cannot be overcome (GCR 1963, 117.3).

3. JUDGMENT—SUMMARY JUDGMENT—ISSUES OF FACT.

    Summary judgment was erroneously granted to a defendant bank where a security agreement provided that a plaintiff debtor shall be in default if defendant bank deems itself insecure "in good faith believing that the prospect of payment * * * is impaired" and the question of the bank's good faith was put in issue because the pleadings and affidavits submitted by the parties contained discrepancies or inconsistencies involving questions of fact which might relate to the ultimate issue of good faith.

Appeal from Jackson, Gordon W. Britten, J. Submitted Division 2 June 11, 1974, at Lansing. (Docket No. 19096.) Decided October 9, 1974. Leave to appeal denied, 393 Mich 769.

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 73 Am Jur 2d, Summary Judgment § 26.

    Raising constitutionality of legislation by motion for summary judgment. 83 ALR 838.

Complaint by George E. Snyder Associates, Inc., against The Midwest Bank for damages for breach of contract. Summary judgment for defendant. Plaintiff appeals. Reversed and remanded.

*Fleming, Fleming & Treciak,* for plaintiff.

*Townsend & Korten,* for defendant.

Before: QUINN, P. J., and V. J. BRENNAN and CARLAND,* JJ.

V. J. BRENNAN, J. Plaintiff, George E. Snyder Associates, Inc., appeals from a decision of the Jackson County Circuit Court granting defendant Midwest Bank's motion for summary judgment. GCR 1963, 117.2(3).

On March 26, 1971, plaintiff entered into a loan and security agreement with the defendant bank. By this agreement defendant loaned plaintiff $200,000 on a term loan basis with a five-year schedule of repayment. Defendant also extended to plaintiff a loan option of an additional $200,000 on a revolving credit loan basis. Plaintiff agreed to deposit all of its revenue in a "cash collateral account" with the defendant bank. This account was designed to allow plaintiff to meet its operation and payroll expenses and to serve as collateral for the loans. In mid-December plaintiff requested that funds from the cash collateral account be transferred to its operating account so that it could meet its payroll expenses. This request was refused by defendant bank as were several subsequent similar requests.

In early January, 1972, plaintiff ceased to operate due to its inability to pay its employees. The

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

money remaining in the cash collateral account was applied to the payment of plaintiff's outstanding loan indebtedness.

On January 14, 1972, plaintiff instituted the instant action against defendant bank claiming that the bank's failure to transfer funds from the cash collateral account constituted a breach of contract resulting in the complete shutdown of corporate operations and causing a loss of $600,-000. Defendant answered plaintiff's complaint denying the material allegations thereof and setting up a section of the Security Agreement as an affirmative defense pursuant to GCR 1963, 111.7.[1] Following a number of preliminary proceedings defendant filed a motion for summary judgment under GCR 1963, 117.2(3) contending there was no genuine issue as to any material fact.[2] The trial court took the motion under advisement and ordered the parties to take depositions. On November 29, 1973, the trial court rendered its opinion granting defendant bank's motion for summary judgment. It is from this decision that plaintiff now appeals.

A motion for summary judgment under GCR 1963, 117.2(3), made before trial has commenced, is not to be granted unless it can be said, giving the benefit of every reasonable doubt to the party opposing the motion, that there is no genuine issue as to any material fact. *Rizzo v Kretschmer,* 389 Mich 363; 207 NW2d 316 (1973); *Rowen & Blair*

[1] A section of an additional security agreement was also set up as an affirmative defense. Plaintiff, in its answer to defendant's affirmative defenses, alleged full compliance with this section. The specific application of this section was not, however, explored by the trial judge. At trial both parties should be given full opportunity to explore its relevance and applicability to this particular fact situation.

[2] Defendant's motion in this regard was supported by affidavit as required by *DeMare Brothers Construction Co, Inc, v Teska,* 49 Mich App 642; 212 NW2d 602 (1973).

*Electric Co v Flushing Operating Corp,* 49 Mich App 89; 211 NW2d 527 (1973). In determining whether such an issue does indeed exist, a court is required to consider all affidavits filed in the action "together with the pleadings, depositions, admissions and documentary evidence then filed in the action or submitted by the parties". GCR 1963, 117.3. After reviewing these materials summary judgment is not to be granted unless it is impossible for plaintiff's claim to be supported at trial "because of some deficiency which cannot be overcome". *Rizzo v Kretschmer, supra.*

The section of the security agreement set up as an affirmative defense by defendant provides that plaintiff shall be in default if defendant deems itself insecure, "in good faith believing that the prospect of payment * * * is impaired". Plaintiff, in its answer to defendant's affirmative defense, stated that "defendant had no valid 'good faith' basis for believing that the prospect of payment of the indebtedness or performance of the Agreement was impaired". The issue of defendant's good faith, therefore, was squarely put in issue. In his affidavit Robert O. Shelley stated that defendant was advised by plaintiff that it was unable to meet its payroll, that plaintiff had not been generating any new business of consequence, that ten employees of plaintiff would soon be discharged and that plaintiff would probably go into dissolution. Mr. Richard Huttenlocher, by his counteraffidavit, stated that he advised Mr. Shelley that certain employees were to be laid off, but as part of a corporate change to reduce costs and promote efficiency and that he did not state that plaintiff was unable to meet its payroll or that plaintiff was seeking dissolution. These discrepancies or seeming inconsistencies all involve questions of fact

which might relate to the ultimate issue of defendant's good faith. Therefore, under these circumstances and in light of our Supreme Court's recent decision in *Rizzo,* we find ourselves unable to say, giving plaintiff the benefit of every reasonable doubt, that it is impossible for plaintiff's claim to be supported at trial "because of some deficiency which cannot be overcome". Accordingly, we reverse the decision of the trial court and remand the case for trial.

Reversed and remanded.

All concurred.