RAVENNA EDUCATION ASSOCIATION v RAVENNA PUBLIC
SCHOOLS

1. JUDGMENT—DECLARATORY JUDGMENT—TRIAL COURTS—ABUSE OF
   DISCRETION—DE NOVO REVIEW
   It is within the sound discretion of a trial court to determine
   whether or not a declaratory judgment is appropriate, there-
   fore, the question on review of that determination is whether
   there has been an abuse of discretion; review of a declaratory
   judgment is *de novo.*

2. JUDGMENT—DECLARATORY JUDGMENT—PROOF OF FACTS.
   A plaintiff seeking a declaratory judgment must not only plead
   the facts entitling him to the judgment he seeks, but he also
   must prove each fact alleged, and where he has failed to do so a
   judgment in his favor would be improvidently granted.

3. JUDGMENT—DECLARATORY JUDGMENT—ACTUAL CONTROVERSY—
   CONDITION PRECEDENT—COURT RULES.
   An actual controversy is condition precedent to invocation of
   declaratory relief (GCR 1963, 521.1).

4. JUDGMENT—SUMMARY JUDGMENT—NO GENUINE ISSUE—COMING
   FORWARD WITH PROOF.
   A trial court is not required to grant a motion for summary
   judgment on the basis that there is no genuine issue as to any
   material facts, even though the opposing party has failed to
   come forward with proof in opposition to the moving party's
   motion for summary judgment in order to show there were
   genuine issues as to material facts, unless the moving party
   was otherwise entitled to entry of judgment in its favor.

5. STATUTES—JUDICIAL CONSTRUCTION OF STATUTES—PLAIN MEANING
   —ABUSE OF DISCRETION—SCHOOL BOARD MEETINGS—COPIES OF
   MINUTES.
   There is no room for judicial construction of a statute where the

REFERENCES FOR POINTS IN HEADNOTES
[1, 5] 22 Am Jur 2d, Declaratory Judgments § 9.
[2, 4] 22 Am Jur 2d, Declaratory Judgments § 97.
   Burden of proof in actions under general declaratory judgment acts.
   23 ALR2d 1243.
[3] 22 Am Jur 2d, Declaratory Judgments §§ 10, 11.

language of the statute is plain; therefore, a trial court did not abuse its discretion in ruling that a defendant school board did not have to furnish copies of the minutes of its board meetings to the plaintiff where an examination of certain statutes indicates that there is no room in the language used to find an affirmative duty on the part of the defendants to furnish copies of the minutes to the plaintiff (MCLA 340.562, 750.492; MSA 15.3562, 28.760).

Appeal from Muskegon, John H. Piercey, J. Submitted June 1, 1976, at Grand Rapids. (Docket No. 23776.) Decided July 20, 1976. Leave to appeal applied for.

Complaint by Ravenna Education Association against Ravenna Public Schools and the Board of Education of the Ravenna Schools seeking declaratory judgment as to the right of the plaintiff and other interested parties to inspect and examine the official minutes of the defendant board during the board's normal business hours. Summary judgment for the plaintiff granting partial relief. Plaintiff appeals. Defendant cross appeals. Affirmed in part, reversed in part and remanded.

*Foster, Swift & Collins, P. C.* (by *Michael J. Schmedlen),* for plaintiff.

*Landman, Hathaway, Latimer, Clink & Robb* (by *Alvin D. Treado),* for defendant.

Before: DANHOF, C. J., and D. E. HOLBROOK and D. L. MUNRO,* JJ.

DANHOF, C. J. On June 24, 1974, the plaintiff association brought the present action seeking a declaratory judgment and other relief. The trial court granted the plaintiff's motion for summary

---

* Circuit judge, sitting on the Court of Appeals by assignment.

judgment, which gave the association part of the relief prayed for, on January 14, 1975. From this judgment, the plaintiff appeals seeking the remainder of the relief prayed for. The defendant, Ravenna Public Schools, has cross appealed seeking other relief from the judgment.

In its complaint, the plaintiff association requested the trial court to find that the defendants and their employees are required to permit plaintiff and other interested parties to inspect and examine the official minutes of the defendant board during its normal business hours, whether or not the superintendent of the defendant district was physically present in his office. The plaintiff next asked the trial court to find that the defendants and their employees are required to reproduce and mail to the plaintiff copies of the official minutes, on a regular basis, if the plaintiff offers to pay the cost thereof. Lastly, the plaintiff sought the trial court to order that the aforesaid reproduction and mailing be done.

On November 1, 1974, the plaintiff moved for summary judgment setting forth as one of its grounds that there is no genuine issue as to any material fact. Accompanying the motion was an affidavit by the plaintiff's counsel. The affidavit states that it is based upon the defendants' answers to the plaintiff's request for admissions.

In granting the plaintiff's motion, the trial court granted the plaintiff only partial relief. The trial court stated the following in its opinion on the motion:

"I am persuaded that the provisions made by the Ravenna School Board are unduly restrictive, especially that provision which requires that examination be made only in the presence of the superintendent, because it admitted there are many days when the super-

intendent is not in the office for four hours and the statute provides they shall be open for inspection four hours per day on any day that the School Board is open for business. I am not persuaded that there is any legal compulsion that the Board furnish photostatic copies of the minutes of the meeting although it is obvious that this would be the least bothersome to either party."

The first issue is whether the trial court abused its discretion by entering a declaratory judgment finding that the provisions of the defendant school board were unduly restrictive.

The statute under which the plaintiff has sought its relief is MCLA 340.562; MSA 15.3562, which reads in relevant part:

"The board of every district shall purchase a record book and such other books, blanks and stationery as may be necessary to keep a record of the proceedings of the board, the accounts of the treasurer, and for doing the business of the district in an orderly manner. All records of the board shall be public records and subject to inspection under section 750.492 of the Compiled Laws of 1948."

MCLA 750.492; MSA 28.760 reads in pertinent part:

"Any officer having the custody of any county, city or township records in this state who shall when requested fail or neglect to furnish proper and reasonable facilities for the inspection and examination of the records and files in his office and for making memoranda of transcripts therefrom during the usual business hours, which shall not be less than 4 hours per day, to any person having occasion to make examination of them for any lawful purpose shall be guilty of a misdemeanor, punishable by imprisonment in the county jail not more than 1 year, or by a fine of not more than 500 dollars: Provided, That the custodian of said records and files may make such reasonable rules and regula-

tions with reference to the inspection and examination of them as shall be necessary for the protection of said records and files, and to prevent interference with the regular discharge of the duties of such officer."

While it is within the sound discretion of the trial court to determine whether or not a declaratory judgment is appropriate, the question on review of that determination is whether there has been an abuse of discretion. *Michigan Transportation Co v Secretary of State,* 41 Mich App 654, 671; 201 NW2d 83 (1972) *lv den,* 389 Mich 767 (1973). Review of a declaratory judgment is *de novo. Curbelo v Macomb County Community College Trustees,* 38 Mich App 432, 433; 196 NW2d 843 (1972), *lv den,* 387 Mich 781 (1972).

While the plaintiff must not only plead the facts entitling him to the judgment he seeks, he also must prove each fact alleged and, where he has failed to do so, a judgment in his favor would be improvidently granted. *Kuhn v East Detroit,* 50 Mich App 502, 504–505; 213 NW2d 599 (1973), *lv den,* 391 Mich 815 (1974). In finding declaratory judgments subject to the above rule, the court in *Kuhn* also stated that "an 'actual controversy' is condition precedent to invocation of declaratory relief", citing GCR 1963, 521.1.

An examination of the record indicates that the only bases upon which any facts in the present case could be deemed "proved" are the admissions of the defendants. No testimony was taken by the trial court and the record does not indicate that any depositions were taken.

The only specific ground set forth by the trial court for its conclusion that the provisions of the defendant board were unduly restrictive was that on many days the superintendent was not in his office for four hours. MCLA 750.492; MSA 28.760

does require that public records subject thereto must be available for at least four hours per day. However, the record does not contain any proof of the fact that the trial court found was so crucial.

Moreover, the record contains little proof of any other facts that would entitle the plaintiff to a judgment in its favor. In its request for admissions, the plaintiff alleged that on several occasions persons seeking to inspect and make transcripts of the official minutes were prevented from doing so because of the absence of certain officials from the board office. The defendants' answer was that it could not "answer the statement 'several requests' but can only admit that requests were made not in conformity with the administrative policies and that the same were denied by employees of the Board and Administration". The defendants did admit that the policies of the defendant board did require that either the superintendent or the assistant superintendent be present while a person copied the minutes. The defendants also admitted that the superintendent or the assistant superintendent were not always present in the office during usual business hours. Finally, the defendants admitted that the minutes must be copied using either pen or pencil.

In order to find that the defendants violated MCLA 340.562; MSA 15.3562 and MCLA 750.492; MSA 28.760, the plaintiff must prove that the defendants failed to furnish proper and reasonable facilities for examination and copying of the minutes for at least four of the usual business hours per day.[1] The facts above fail to establish this.

[1] It should also be noted that the statute provides that the custodian may make reasonable rules "as shall be necessary for the protection of said records and files, and to prevent interference with the regular discharge of the duties of such officer". This should be taken into account when determining what is "proper and reasonable".

Because the officials are not "always" in the office does not mean they are absent in violation of the statute. Further, the use of pen or pencil is not per se unreasonable under the statute. In view of the lack of proof of the facts necessary to enter judgment in the plaintiff's favor, the trial court improvidently granted summary judgment. *Kuhn v East Detroit, supra.* It was an abuse of discretion to enter declaratory judgment on this issue. *Michigan Transportation Co v Secretary of State, supra.*

The plaintiff cites *Durant v Stahlin,* 375 Mich 628, 638; 135 NW2d 392 (1965), for the proposition "that if a party opposing a motion for summary judgment fails to come forward, prior to the hearing date, with evidence (by way of affidavits or otherwise) establishing that there is a material factual dispute, then GCR 117 requires the court to render a summary judgment in favor of one party or the other". The defendants in the present case failed to come forward with such evidence.

The plaintiff's reliance on Justice Adams' opinion in *Durant v Stahlin, supra,* is misplaced. The *Durant* case was handed down as a 3-3 split by the Supreme Court. In discussing the same point referred to by the plaintiff above, Justice Souris stated the following in his separate opinion in *Durant v Stahlin, supra,* at 657:

"In short, the plaintiff's affidavits were inadequate to bar entry of summary judgment on defendants' motions *if otherwise defendants were entitled thereto."* [Emphasis in original.]

As indicated above, the plaintiff in the present case was not otherwise entitled to entry of judgment in its favor. Therefore, even though the defendants failed to come forward with proof in opposition to plaintiff's motion for summary judg-

ment in order to show there were genuine issues as to material facts, the trial court was not required to grant the motion.

The second issue is whether the trial court abused its discretion in entering a declaratory judgment finding there was no legal compulsion that the defendants furnish copies of the minutes to the plaintiff.

The defendants specifically admitted that they had denied the plaintiff association's request for an official copy of the defendants' minutes. This is sufficient to constitute an actual controversy for the trial court to enter a declaratory judgment that largely involves interpretation of MCLA 750.492; MSA 28.760. *Kuhn v East Detroit, supra.*

The present action is not a criminal one under MCLA 750.492; MSA 28.760, having been brought in conjunction with MCLA 340.562; MSA 15.3562.

As to the interpretation of the statutes herein, where the language of the statute is plain, there is no room for judicial construction. *Busha v Department of State Highways,* 51 Mich App 397, 399; 215 NW2d 567 (1974).

An examination of the language of MCLA 340.562; MSA 15.3562 and MCLA 750.492; MSA 28.760 indicates there is no room in the language used to find an affirmative duty on the part of the defendants to furnish copies of the minutes to the plaintiff. On this issue, the trial court did not abuse its discretion.

Affirmed in part; reversed in part. Remanded for further proceedings consistent with this opinion. Costs to the defendants.