THE WESTERN FIRE INSURANCE COMPANY v J. R. SNYDER, INC.

1. INSURANCE—CONTRACTS—INTERPRETATION—PLAIN LANGUAGE—LIA-
   BILITY.

   The Court of Appeals construes insurer drafted policies in favor
   of coverage for the insured, but where the plain language of the
   policy excludes coverage, liability will not be found.

2. JUDGMENT—SUMMARY JUDGMENTS—DECLARATORY JUDGMENTS—IN-
   SURANCE—LIABILITY INSURANCE—PLEADING—PLAINTIFF'S THEO-
   RIES—OPPOSING FACTS—APPEAL AND ERROR.

   A trial court erred in granting a summary declaratory judgment
   that an insurer had no contractual obligation under a liability
   insurance policy to defend the insured in a separate legal
   action without first requiring the insurer to indicate all of the
   theories of recovery asserted against the insured in the sepa-
   rate action and requiring the insurer to plead the facts in
   opposition to those theories entitling it to the judgment.

3. NEGLIGENCE—JUDGMENT—SUMMARY JUDGMENT—APPEAL AND ER-
   ROR.

   Negligence is an issue of fact which should not be decided by a
   trial court by way of summary judgment.

4. INSURANCE—DUTY TO DEFEND—THEORIES OF RECOVERY—POLICY
   COVERAGE—OTHER THEORIES.

   An insurer who has a contractual obligation to defend an insured
   has a duty to defend that insured in a legal action if there are
   any theories of recovery alleged in the action that fall within

REFERENCES FOR POINTS IN HEADNOTES
[1] 44 Am Jur 2d, Insurance §§ 271 et seq., 1415.
[2, 3] 73 Am Jur 2d, Summary Judgment §§ 5, 6.
[3] 57 Am Jur 2d, Negligence §§ 6, 7.
[4–6] 44 Am Jur 2d, Insurance §§ 1538, 1539, 1542, 1544, 1548.
   Refusal of liability insurer to defend action against insured involv-
      ing both claims within coverage of policy and claims not covered.
      41 ALR2d 434.
   Allegations in third person's action against insured as determining
      liability insurer's duty to defend. 50 ALR2d 458.

the provisions of the policy, even where there are also theories of liability asserted which are not covered under the policy provisions.

5. INSURANCE—EXCLUSIONS—ASSUMED LIABILITY—CONTRACTS—EXISTING LIABILITY.

An exclusion in an insurance contract barring coverage for liability assumed by the insured under any contract or agreement must be limited to situations where the insured did not have an existing legal liability.

6. INSURANCE—LIABILITY INSURANCE—WORKMEN'S COMPENSATION—EXCLUSIONS—EMPLOYER'S LIABILITY—STATUTORY LIABILITY—LIMITS OF LIABILITY.

An exclusion in a liability insurance policy issued to an insured who is an employer which bars liability on the part of the insurer to defend the employer in any legal action to enforce obligations imposed upon the employer by state workmen's compensation laws will not be interpreted to release the insurer from an obligation to defend all claims related to workmen's compensation but rather to limit the liability of the insurer to the defense of claims for damages in excess of those which are recoverable under the workmen's compensation act.

Appeal from Oakland, Farrell E. Roberts, J. Submitted March 8, 1977, at Detroit. (Docket No. 27631.) Decided June 8, 1977. Leave to appeal applied for.

Complaint by The Western Fire Insurance Company and The Western Casualty and Surety Company against J. R. Snyder, Inc., and others, seeking a declaratory judgment that two policies of insurance issued by plaintiffs did not give rise to a duty on plaintiffs' part to defend the defendants in a separate lawsuit. Judgment for plaintiffs. Defendants appeal. Affirmed in part, reversed in part, and remanded.

*Fox & Fletcher,* for plaintiff.

*Metry, Metry & Sanom,* for defendant.

Before: V. J. Brennan, P. J., and J. H. Gillis and D. C. Riley, JJ.

Per Curiam. Defendants appeal a declaratory judgment of the Oakland Circuit Court holding that two insurance policies issued by plaintiffs did not give rise to a duty to defend the various Snyder companies in a separate suit commenced in Wayne County.

In the Wayne suit an injured workman employed by Snyder, the subcontractor, sued Practical, the general contractor, for personal injuries resulting from a construction accident.[1] Practical impleaded Snyder as a third-party defendant pursuant to the indemnity and "hold-harmless" provisions of a contract between the general contractor and subcontractor.[2] Snyder, assuming it was insured by plaintiffs, demanded that the insurers defend the third-party complaint brought by Practical. Denying liability, the insurers initiated the present suit for declaratory judgment.

Two policies of insurance are involved. The first, an "Automobile-General Comprehensive Liability Policy" issued to the Snyder companies by plaintiff The Western Casualty and Surety Company, provides coverage for general exposures and for bodily injury. By its terms, however, the policy does not include "bodily injury to any employee of the insured arising out of and in the course of his employment". Of the two exceptions to this exclu-

---

[1] Apparently the damages claimed were in excess of those permitted under the Workmen's Compensation Act, as plaintiff Western Fire asserts it has paid workmen's compensation claims.

[2] As will be noted, the record is unclear whether Practical's third-party complaint also asserted a common-law theory of indemnity.

At any rate, this impleader procedure is permitted in Michigan. *See McClouth Steel Corp v A. E. Anderson Construction Corp,* 48 Mich App 424; 210 NW2d 448 (1973), *lv den,* 391 Mich 754 (1973), *Nanasi v General Motors Corp,* 56 Mich App 652; 224 NW2d 914 (1974). *Cf.,* MCLA 418.827(5); MSA 17.237(827)(5).

sion, of coverage, only one arguably applies, namely, that bodily-injury coverage is allowed where the insured has assumed liability "under a contract as defined" by the instant policy.

Since defendants have admitted that the workman suffered his injuries while in the course of his employment, our only task in construing the first policy is to determine whether Snyder's contract to indemnify and hold Practical harmless is a liability assumed by the insured under a "contract" as defined by the policy. The general definitions of the policy provide in pertinent part:

"(c) Contract means, if in writing, a lease of premises, easement agreement, agreement required by municipal ordinance, sidetrack agreement, or elevator or escalator maintenance agreement."

Clearly, only the most strained construction could interpret the Snyder-Practical indemnity contract as of the type described in the policy's definition of contract. See *Kipka v Chicago & Northwestern Railway Co*, 289 F Supp 750 (D Minn, 1968). Despite our obligation to construe insurer-drafted policies in favor of coverage for the insured, *Zurich Insurance Co v Rombough*, 384 Mich 228; 180 NW2d 775 (1970), *Arrigo's Fleet Service, Inc v Aetna Life and Casualty Co*, 54 Mich App 482; 221 NW2d 206 (1974), *lv den*, 392 Mich 812 (1974), we cannot deny the plain language of the policy. Hence, we affirm the declaratory judgment as to plaintiff Western Casualty & Surety Company.

A different question, however, is presented under the second policy, a "Workmen's Compensation and Employer's Liability Policy" issued by plaintiff The Western Fire Insurance Company. "[C]overage A" under this policy includes a duty to

pay workmen's compensation claims to an injured employee, which plaintiff Western Fire asserts it has done; "coverage B" obliges the insurer:

"[t]o pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury by accident or disease * * * sustained * * * by any employee of the insured arising out of and in the course of his employment * * * in [Michigan]."

In addition, the insurer agreed "as respects the insurance afforded by the other terms of this policy" to:

"defend any proceeding against the insured seeking such benefits and any suit against the insured alleging such injury and seeking damages on account thereof, even if such proceeding or suit is groundless, false or fraudulent."

Plaintiffs, however, sought to avoid their defense obligation by relying on certain exclusions from coverage:

"This policy does not apply:
* * *
"(c) under coverage B, to liability assumed by the insured under any contract or agreement,
* * *
"(f) under coverage B, to any obligation for which the insured or any carrier as his insurer may be held liable under the workmen's compensation or occupational disease law of [Michigan], any other workmen's compensation or occupational disease law, any unemployment compensation or disability benefits law, or under any similar law."

In the complaint for declaratory judgment,

plaintiff Western Fire cited the Snyder-Practical indemnity contract and urged the court "under the circumstances and under the language of the [instant] policy" to hold it unobliged to defend Practical's third-party complaint against Snyder in Wayne County. In their respective answers, defendants acknowledged the indemnity agreement, but defendant Practical further asserted as an affirmative defense that its third-party complaint was predicated not only upon contractual indemnity but also upon "negligence against the employer *[i.e.,* Snyder]". Without disputing this latter contention and without detailing the particulars of the third party complaint, plaintiffs moved for summary judgment, GCR 1963, 117.2(2), 117.2(3), seeking a declaration that the insurers had no duty to defend the Snyder companies. Plaintiffs' attorney appended an affidavit to this motion in which he indicated that "the pleadings of defendant admit the issues involved" in the litigation. The affidavit was silent, however, with regard to the negligence theory asserted by Practical.

The lower court, in an opinion[3] noteworthy for its brevity and its apparent disregard of GCR 1963, 517.1, granted summary and declaratory judgment in favor of plaintiffs.

For a variety of reasons, we hold that the lower court erred in granting summary and declaratory judgment to plaintiff Western Fire. First, the in-

---

[3] The lower court opinion stated in full:

"I am impressed with the reasoning in *Maryland Casualty Company v Zanco* (New Jersey), 184 Atl 2d 886. The two insurance policies in question are clear and unambiguous. These policies must be construed most strongly against the insurer. Nevertheless, we must find that Plaintiffs are under no obligation to defend the action against Snyder and Practical nor are they liable for any judgments rendered thereon.

"Prepare an Order rendering a Declaratory Judgment in favor of the Plaintiffs."

surer had an obligation to plead the facts entitling it to the judgment it seeks. *Kuhn v East Detroit,* 50 Mich App 502, 504; 213 NW2d 599 (1973), *Ravenna Education Association v Ravenna Public Schools,* 70 Mich App 196, 200; 245 NW2d 562 (1976). If the insurer was seeking a declaration that it had no duty to defend the Snyder companies, then at the very least it should have indicated *all* of the theories of recovery asserted by Practical's third party complaint against Snyder. Indeed, "[t]he insurer has the duty to look behind the third party's allegations to analyze whether coverage is possible. See 14 Couch on Insurance 2d, § 51:47, p 540 (Supp 1975–1976)." *Shepard Marine Construction Co v Maryland Casualty Co,* 73 Mich App 62, 65; 250 NW2d 541 (1976). Second, Practical's assertion in its answer (that its third-party complaint charged Snyder's negligence) was an issue of fact that should not have been decided, even if only implicitly, by way of summary judgment. See *Wynglass v Prudential Life Insurance Company of America,* 68 Mich App 514; 242 NW2d 824 (1976), *George E Snyder Associates, Inc v The Midwest Bank,* 56 Mich App 193; 223 NW2d 632 (1974), *lv den,* 393 Mich 769 (1974). Third, we do not believe *Maryland Casualty Co v Zanca,* 76 NJ Super 475; 184 A2d 886 (1962), necessarily applies to the facts at bar, and even if it does apply, we doubt that it states the general rule.

In *Zanca,* the court allowed the insurer to avoid its defense obligation to the insured because the complaints of the injured workmen charged the active negligence of the village of Ridgewood, the third-party plaintiff. In contrast, the unsettled record of the present case prevents us from determining whether Practical, the third-party plaintiff, was an active tortfeasor and thus unentitled to

recover from Snyder on a common-law theory of indemnity. Moreover, *Zanca* can also be distinguished as a case wherein there were no theories of liability asserted against the insured other than the contractual indemnity excluded under the policy.

We believe the better rule is that an insurer has a duty to defend, despite theories of liability asserted against an insured which are not covered under the policy, if there are any theories of recovery that fall within the policy. See *Leonardi v Standard Accident Insurance Co of Detroit, Michigan,* 212 F2d 887, 889–890 (CA 2, 1954), *Tiffiny Decorating Co v General Accident Fire & Life Assurance Corp, Ltd,* 12 Ill App 3d 597, 604; 299 NE2d 378, 381–382 (1973), *Tampa Electric Co v Stone & Webster Engineering Corp,* 367 F Supp 27, 31 (1973), *Space Conditioning Inc v Insurance Co of North America,* 294 F Supp 1290, 1293 (ED Mich, 1968), *aff'd,* 419 F2d 836 (CA 6, 1970).

In our view, the language of exclusion (c) preventing coverage for "liability assumed by the insured under any contract or agreement", must be limited to situations where the insured did not have an existing legal liability. Similarly, exclusion (f) should not be read as a bar to recovery but rather as a limit of liability to the damages in excess of those recovered under the Workmen's Compensation Act. *Cf.,* MCLA 418.827(5); MSA 17.237(827)(5).

Accordingly, the summary and declaratory judgments are reversed. Should plaintiff Western Fire attempt to revive this action by amending its complaint, the lower court (if it permits amendment) is directed to examine Practical's third-party complaint and to look behind the complaint in order that it determine whether theories other

than contractual indemnity were or may be maintained against Snyder. If this inquiry produces an affirmative response, then the court shall dismiss the declaratory judgment with prejudice and order Western Fire to defend the Snyder companies.

Affirmed as to plaintiff Western Casualty and Surety Company; reversed as to plaintiff Western Fire Insurance Company. Costs to be divided between plaintiff Western Casualty and Surety Company and the defendants.