CITY OF DETROIT v CITY CLERK OF DETROIT

Docket No. 51298. Submitted June 12, 1980, at Lansing.—Decided June 13, 1980.

Plaintiff, the City of Detroit, announced its intention to participate in a nonprofit public corporation and to convey to that corporation Detroit General Hospital and the hospital's liabilities. This transfer of the hospital was to be made so as to attempt to reduce the city's financial responsibilities. Various groups drafted an initiative proposal for submission to the electorate which would have required the city to continue operation of the hospital. The initiative petition secured sufficient signatures to place the question on the ballot. Plaintiff commenced an action for a declaratory judgment and injunctive relief against the city clerk of the City of Detroit, seeking an order restraining the city clerk from certifying the petitions for the initiative and declaring the initiative petition to be invalid. Various groups were allowed to intervene as parties defendant in the action. The Wayne Circuit Court, John Hausner, J., after a hearing, issued an order granting declaratory judgment, holding that the initiative proposal was inappropriate in that it involved budgetary matters which, pursuant to the city's charter, are not subject to the initiative process. The intervening defendants appeal by leave granted. *Held:*

1. It was proper for the circuit court, prior to the presentation of the question to the electorate at an election, to rule upon the question of whether the subject of the initiative was a proper subject for an initiative.

2. Since the proposed conveyance of the hospital by plaintiff was for the purpose of reducing the city's financial responsibilities, that proposed conveyance constituted a budgetary matter within the meaning of the Detroit City Charter and the Uniform Budget and Accounting Act. Since the Detroit City Charter specifically exempts from the initiative process matters

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 42 Am Jur 2d, Initiative and Referendum § 48.

[2] 56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions § 549.

[3] 42 Am Jur 2d, Initiative and Referendum § 54.

relating to the city's budget or appropriations, the initiative in question, with its express intent being the continued financial support by the city of the hospital, was not within the scope of the initiative process and was, therefore, null and void.

3. A justiciable controversy existed such that the trial court could properly enter a declaratory judgment. Even though plaintiff presented no proofs, the trial court properly proceeded on the basis of the city clerk's report and the contents of the initiative petition, both of which had been filed by the city clerk. The trial court properly took judicial notice of the provisions of the city charter.

Affirmed.

G. R. DENEWETH, J., dissented.

1. COURTS — INITIATIVE — DETERMINATION PRIOR TO ELECTION.
   Courts, prior to an election, may properly undertake to rule on a question of whether a matter is a proper subject for initiative or referendum.

2. MUNICIPAL CORPORATIONS — CITIES — WORDS AND PHRASES — BUDGETS — INITIATIVE — CITY CHARTERS — STATUTES.
   The proposed conveyance by the City of Detroit of Detroit General Hospital to a nonprofit public corporation, such transfer being for the purpose of reducing the city's financial responsibilities, is a budgetary matter within the meaning of the Detroit City Charter and the Uniform Budget and Accounting Act and is thus not a proper matter for an initiative petition brought pursuant to the initiative provision of the Detroit City Charter (Detroit City Charter, §§ 8-204, 12-101, MCL 141.422a[4]; MSA 5.3228[22a][4]).

3. JUDGMENTS — DECLARATORY JUDGMENT — JUSTICIABLE CONTROVERSY — PROOFS — JUDICIAL NOTICE.
   A justiciable controversy warranting declaratory judgment exists where the question before the court is the validity of an initiative petition concerning a proposed city ordinance; the report of a city clerk and the contents of the petition itself, along with a court's power to take judicial notice of the provisions of a city charter, constitute a sufficient basis, in the absence of any dispute as to the facts, upon which a court can determine the validity of an initiative proposal.

*George W. Crockett, Jr.,* Acting Corporation Counsel, *Kay D. Schloff* and *Nancy P. Vanderbeek,* Assistant Corporation Counsels, and *Tom Downs,*

Special Assistant Corporation Counsel, for plaintiff.

*Zwerdling & Maurer,* (by *George M. Maurer, Jr.,* and *David E. Eason),* for intervening defendants.

Amicus Curiae: *Philo, Atkinson, Darling, Steinberg, Harper & Edwards;* and *Stephen C. Washington,* for Amicus Curiae Detroit General Hospital Patient's Counsel.

Before: T. M. BURNS, P.J., and BEASLEY and G. R. DENEWETH,* JJ.

PER CURIAM. Plaintiff, the City of Detroit, has in the past operated Detroit General Hospital pursuant to permissive portions of the city charter. In an attempt to reduce its financial responsibilities, the city announced its intention to participate in a nonprofit public corporation, Detroit Medical Center Corporation, pursuant to the city charter and 1979 PA 217, and to convey Detroit General and its liabilities to the new corporation. Various groups drafted an initiative proposal which would have required the city to continue operation of the old hospital and secured petition signatures sufficient to place the question on the ballot.

On March 27, 1980, the plaintiff filed for a declaratory judgment and injunctive relief in the Wayne County Circuit Court seeking to restrain the city clerk from certifying the petitions for the initiative and to declare that the initiative is invalid. Certain parties were allowed to intervene. After a hearing, the circuit court issued an order granting declaratory judgment, holding that the initiative proposal was inappropriate as it involved budgetary matters which, pursuant to a city char-

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

ter provision, were not subject to the initiative process and that the petition was therefore ineffective and unlawful. Intervening defendants chose to appeal by application for leave to appeal, which was granted, rather than as of right.

The circuit court judge ruled that the proposal went to the "heart of the budgetary process" and, therefore, was not a proper subject for an initiative under Article 12 of the Detroit City Charter. Article 12 states in relevant part:

"12-101 Initiative and referendum
"The voters of the city reserve the power to enact city ordinances, called the 'initiative,' and the power to nullify ordinances enacted by the city, called the 'referendum.' However, these powers do not extend to the budget or any ordinance for the appropriation of money".

It is not error for a court to rule whether or not a matter is a proper subject for an initiative or referendum. The Michigan Supreme Court on five occasions has ruled, prior to an election, that increases in gasoline or weight taxes were not subject to a referendum. See, *County Road Ass'n of Michigan v Board of State Canvassers,* 407 Mich 101; 282 NW2d 774 (1979), *Boards of County Road Commissioners v Board of State Canvassers,* 391 Mich 666; 218 NW2d 144 (1974), *Michigan Good Roads Federation v State Board of Canvassers,* 333 Mich 352; 53 NW2d 481 (1952), *Moreton v Secretary of State,* 240 Mich 584; 216 NW 450 (1927), and *Detroit Automobile Club v Secretary of State,* 230 Mich 623; 203 NW 529 (1925).

Intervening defendants contend that, even if the ruling on the initiative proposal is not an unreasonable interference with the election process, the lower court's decision that the ordinance sought by

the initiative proposal "extends to the heart of the budgetary process" was clearly erroneous. The proposed ordinance provides in part:

"The City shall provide adequate financing for the operation, maintenance, support and control of Detroit General/Detroit Receiving Hospital * * *.

"The City pledges that Detroit General/Detroit Receiving Hospital shall be a premier medical facility, owned, operated, maintained and supported by and for all of the people of the City of Detroit, to serve as a medical refuge".

The Detroit City Charter defines "budget" in Sec. 8-204:

"1. The budget shall constitute a complete financial plan for the city for the next fiscal year.

"2. The budget shall set forth estimated revenues from all sources and all appropriations. Any surplus or deficit during the fiscal year preceding that covered by the budget shall be entered as an item in the budget.

"3. The total of proposed expenditures shall not exceed the total of estimated revenues."

MCL 141.422a(4); MSA 5.3228(22a)(4) defines "budget" as follows:

" 'Budget' means a plan of financial operation for a given period of time, including an estimate of all proposed expenditures from the funds of a local unit and the proposed means of financing the expenditures. Budget does not include any of the following:

"(a) A fund for which the local unit acts as trustee or agent.

"(b) An intragovernmental service fund.

"(c) An enterprise fund.

"(d) A public improvement or building and site fund.

"(e) A special assessment fund."

We hold that the lower court's finding that the proposal is budgetary in nature was not clearly erroneous under the above definitions.

Intervening defendants also contend that the lower court committed an abuse of judicial discretion by granting the declaratory judgment. They cite *Kuhn v East Detroit,* 50 Mich App 502; 213 NW2d 599 (1973), and *Ravenna Education Ass'n v Ravenna Public Schools,* 70 Mich App 196; 245 NW2d 562 (1976), for the propositions that in a declaratory judgment action plaintiff must prove its case and there must be an actual justiciable controversy. Since in the present case the plaintiff presented no proofs and the proceedings were summary in nature, it is argued that it was an abuse of discretion to grant the declaratory judgment.

This argument is without merit. There were no disputed facts, the city clerk had filed his report and the contents of the petition, and judicial notice could be taken of the city charter. Moreover, there was an actual justiciable controversy: the validity of the initiative proposal was in question.

We do not find the remaining contentions to require reversal.

Affirmed. No costs, a public question being involved.

G. R. DENEWETH, J., dissents.